665 P.2d 106

**C. ITOH INDUSTRIAL MACHINERY, INC., a Delaware corporation, Plaintiff/Appellant,**

v.

**LIFT LINE, LTD., INC., an Arizona corporation; and Greg Krasnow, Defendants/Appellees.**

**No. 2 CA–CIV 4693.**

Court of Appeals of Arizona, Division 2.

May 12, 1983.

Jacqueline Schneider and Frank J. Barry, Tucson, for plaintiff/appellant.

Dennis A. Rosen, Ltd. by Dennis A. Rosen and Walter F. Wood, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

The question presented on this appeal is whether a forum selection clause in a security agreement precludes plaintiff's action in Arizona. We hold that it does not.

Plaintiff is a distributor of fork lifts, accessories and spare parts. Its principal place of business is Houston, Texas. In February of 1979, plaintiff entered into a contract with appellee, Lift Line, in which Lift Line was designated as a dealer in plaintiff's fork lifts. On April 24, 1979, plaintiff and Lift Line entered into a security agreement designating Lift Line as "debtor" and plaintiff as "secured party." The security agreement granted plaintiff a security interest in all goods sold and to be sold by the plaintiff to Lift Line. In the

spring and summer of 1980, Lift Line became indebted to the plaintiff in the sum of $38,139.30 for fork lifts, parts and accessories. The goods were sold subject to the lien of the security agreement. The sum remained unpaid upon demand by the plaintiff and Lift Line refused to return the goods to the plaintiff. This action ensued.

Lift Line prevailed in its motion for dismissal on the ground that paragraph 18 of the security agreement deprived the superior court of the State of Arizona of subject matter jurisdiction of the action. That paragraph is the last of 18 paragraphs in the security agreement that immediately follow an introductory clause for the 18 paragraphs. That introductory clause and the paragraph in question provide:

"Debtor warrants, covenants, represents and agrees as follows:

\* \* \* \* \* \*

(18) The law governing this secured transaction, this agreement, and related documents shall be the Uniform Commercial Code of Texas and other applicable laws of the State of Texas. All terms used herein which are defined in the Uniform Commercial Code of Texas shall have the same meaning herein as in said Code. *Jurisdiction for any and all disputes which may arise under this Security Agreement, and any related documents and/or the Collateral shall be in Harris County, Texas.*" (Emphasis added).

Plaintiff points out that the security agreement sets forth Lift Line's acceptance of conditions under which the plaintiff agreed to extend credit. We agree. Paragraph 18 specifies one of those conditions to be, in effect, that should the creditor be required to litigate a matter with the debtor, the forum most convenient to the creditor and agreed to in advance, had been specified. The debtor had thus waived any objection to that forum and consented thereto, and the governing law, i.e., the law of Texas. We distinguish the forum selection clause here from that in *Societe Jean Nicolas Et Fils v. Mousseux,* 123 Ariz. 59, 597 P.2d 541 (1979), which provided ". . . *only* the tribunal of the Chamber of Commerce of Auxierre will be apt to judge any differences which may arise between both parties." (Emphasis added)

Plaintiff points out that the action was brought in the State of Arizona to preserve its status as a secured creditor. It could have pursued the matter through an action in Texas and, after obtaining a judgment, proceed to enforce the judgment in Arizona. Plaintiff anticipates that it would lose its status as a secured creditor by following that route. Cf., *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935). By proceeding to enforce a Texas judgment in Arizona, the plaintiff could obtain a writ of execution, and not the writ of replevin to recover the specific property authorized by the security agreement. It would then lose its priority status and would be reduced from a preferred creditor to an unsecured creditor.

No reason appears for the defendant's insistence that it be sued at a distance, other than the prospect of exposing the plaintiff to the disadvantage explained. The forum selection clause does not foreclose plaintiff from maintaining this action in Arizona, and to hold otherwise would violate the intent of the security agreement. The forum selection clause was clearly a reservation of right bargained for the plaintiff's benefit and protection. To permit the defendant to require that the plaintiff be limited to the forum which was bargained for the plaintiff's protection distorts and perverts the parties' intent and purpose for the security agreement.

The order dismissing the plaintiff's complaint is reversed and it is ordered that the complaint be reinstated.

HOWARD, C.J., and BIRDSALL, J., concur.