597 P.2d 541

**SOCIETE JEAN NICOLAS ET FILS, J. B. Nicolas of America, Inc., A–D Corporations, John Does I–V, Appellants,**

v.

**Jean Claude MOUSSEUX and Joyce A. Mousseux d/b/a EX–IM Trading Corporation, an Arizona Corporation, John Does I through X, Black Corporation, White Corporation, and XYZ Partnership, Appellees.**

No. 13947.

Supreme Court of Arizona,
In Division.

June 19, 1979.

Rehearing Denied July 17, 1979.

**60**

Jennings, Strouss & Salmon by John G. Sestak, Jr., Phoenix, for appellants.

Sternberg, Sternberg & Rubin by Ronald I. Rubin, Phoenix, for appellees.

HAYS, Justice.

Societe Jean Nicolas, plaintiff, a French corporation, appeals the dismissal of its tort and contract claims against Jean Claude Mousseux (defendant), a French citizen and Arizona resident. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5). We reverse in part and affirm in part.

The plaintiff filed a complaint in the Maricopa County Superior Court alleging that the defendant breached a written contract with plaintiff and that he interfered with certain contractual relations of plaintiff. The defendant answered, denying the allegations of wrongdoing, alleging that by the terms of the contract upon which the plaintiff based his complaint the court had no jurisdiction in the matter, and counterclaiming for certain sums allegedly due and payable. Subsequently, the defendant filed a motion to dismiss, relying on a provision in the contract that, as translated, reads as follows:

> The agreement has been written according to the French law, and only the tribunal of the Chamber of Commerce of Auxierre will be considered as apt to judge any differences which may arise between both parties.

The first issue we face is whether this forum selection clause, which designates a French court as the arbitrator of all the differences between the parties, is enforceable in Arizona. The plaintiff argues that forum selection clauses are void in Arizona, citing *Otero v. Banco De Sonora*, 26 Ariz. 356, 225 P. 1112 (1924). In *Otero* the court refused to enforce a forum selection clause that would have forced the parties who were both present in Arizona, to go to Hermosillo, Mexico, to settle their dispute. Although the opinion adopted the general rule at the time—that forum selection clauses are unenforceable—the court also explained that at least part of the reason it held as it did was that Hermosillo courts were not functioning due to civil strife in Mexico. *Otero* is the only Arizona decision on point.

During the past half century since *Otero*, the law has evolved and progressed to the point that such clauses are generally enforceable. For example, the Supreme Court in *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), criticized traditional judicial reluctance to enforce such clauses and held that the federal courts should uphold them so long as the agreement was unaffected by fraud, freely negotiated, and not so unreasonable as to deprive either party of its day in court. *Id.* at 15, 18, 92 S.Ct. at 1916, 1917, 32 L.Ed.2d at 523, 525. The Court ruled that the burden of such a showing falls upon the party seeking to avoid the clause.

In *Central Contracting Co. v. C. E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965), the Pennsylvania Supreme Court held that a choice of forum clause should be honored if the agreement, at the time of litigation, is not so unreasonable that substantial justice cannot be done. The court placed the burden of proving the unreasonableness of the clause on the party seeking to avoid its effect. Moreover, the court

warned that mere inconvenience or additional expense is not the test of unreasonableness. *Accord, Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341 (3rd Cir. 1966); *Reeves v. Chem. Industrial Co.*, 262 Or. 95, 495 P.2d 729 (1972); Restatement (Second) of Conflict of Laws § 80 (1971). Based on the above authority, we hold that a forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation and does not deprive a litigant of his day in court. The burden of so showing falls upon the party challenging the validity of the clause.

The plaintiff has not alleged that the clause was the result of unfair bargaining power or fraud. Nor does he argue that it will be so inconvenient to litigate in France that the clause should be found unreasonable; nor that he will be deprived of his day in court on the contract issue if he is required to litigate in France. We conclude, therefore, that the clause before us is valid and should be enforced.

■ The plaintiff argues, in the alternative, that the defendant has waived any contractual right he may have to litigate in France by counterclaiming against the plaintiff in the Arizona court. We disagree. In the defendant's answer and counterclaim he pled that under the terms of the contract in question the court was without jurisdiction in the matter. We cannot see how the defendant can be held to have waived his contractual right when the "waiver" contains a provision asserting the right supposedly waived. We find no clear showing of an intent to waive a right as is required by our case law. *Mohave County v. Mohave-Kingman Estates, Inc.*, 120 Ariz. 417, 421, 586 P.2d 978, 982 (1978); *Jones v. Industrial Commission*, 1 Ariz.App. 218, 223, 401 P.2d 172, 177 (1965).

■ Next, the plaintiff claims the court erred in permitting a French attorney to participate in the proceedings as co-counsel for the defendant. The court refused to allow the attorney to testify as an expert witness but did allow the attorney to participate in some motion hearings and argue French law. Pursuant to 17A A.R.S. Supreme Court Rules, rule 28(c)(1), an attorney who is not licensed to practice in Arizona may appear here in court only if he is licensed in another state or territory of the United States. It appears, therefore, that the court should not have permitted this attorney to act as co-counsel, although he might have qualified as an expert witness. We think the error was harmless, however, since plaintiff's French law expert responded by affidavit to every argument made by the French attorney and the affidavits were considered by the court before ruling on the motions involved.

■ Finally, plaintiff argues that since the defendant's motion to dismiss accompanied by affidavits will be treated as a motion for summary judgment pursuant to 16 A.R.S. Rules of Civil Procedure, rule 56, and since there was a genuine issue of material fact, *i. e.*, a French law question as to whether the French Court had jurisdiction, the trial court erred by granting the motion to dismiss. We disagree. A question as to foreign law is not a question of fact, but a question of law to be determined by the court. 16 A.R.S. Rules of Civil Procedure, rule 44.1. We find no error.

The contract claim was therefore properly dismissed without prejudice as to all defendants. The dismissal of the tort claim is set aside and the tort claim is abated as to all defendants pending the outcome of the contract action in France.

CAMERON, C. J., and GORDON, J., concur.