**ABC MOBILE SYSTEMS, INC., a California corporation, qualified to transact business in the State of Colorado, successor in interest of Associated Brake Company, a California corporation, Plaintiff-Appellant,**

v.

**Myron J. HARVEY & Thomas A. Thomason, individually and as General Partners of ABC Mobile Brake; and ABC Mobile Brake, a General Partnership, Defendants-Appellees.**

**No. 84CA0663.**

Colorado Court of Appeals,
Div. I.

March 21, 1985.
Rehearing Denied April 11, 1985.

Jim Travis Tice, Littleton, for plaintiff-appellant.

Michael F. Morrissey, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiff, ABC Mobile Systems, Inc. (ABC), appeals from the trial court's dismissal of its complaint alleging a breach of a franchise agreement by defendants, Myron J. Harvey, Thomas A. Thomason, and ABC Mobile Brake, a general partnership. The issue is whether Colorado courts, in a breach of contract action, may give effect to a forum selection clause in a contract which provides for trial of the action in another state. We hold that it may and we affirm.

The pleadings, and ABC's affidavits filed in opposition to the motion to dismiss, reflect the following facts. A franchise agreement was executed in 1967 between the franchisor, Associated Brake Company, a California corporation with offices in Oakland, California, and the franchisee, Myron J. Harvey and Thomas A. Thomason, a partnership, whose address is stated in the agreement to be 11644 Hylandview Court, Los Altos, California. ABC, a California corporation, is the successor in interest of Associated Brake Company and is qualified to do business in Colorado. Since the execution of the franchise agreement, ABC has moved its office from Oakland to

Westwood, Massachusetts. Myron J. Harvey resides in Denver and was served with process in Denver. The partnership was served with process in Denver and conducts business in Denver.

The franchise agreement provides in pertinent part that:

"The place of all payments required under this agreement and *the venue of actions for disputed matters and performances are placed in the City of Oakland, County of Alameda, State of California....*

This agreement contains the entire agreement between the parties and shall be construed according to the laws of the State of California." (emphasis added)

■ The common law rule was generally that the lawful jurisdiction of courts cannot be ousted by the private agreements of individuals. *See In re Estate of Brown*, 65 Colo. 341, 176 P. 477 (1918). With sound reason, however, the trend is to adopt the rule stated in Restatement (Second) of Conflict of Laws § 80 (1971):

"The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable."

Comment a to that Restatement provision states that:

"Private individuals have no power to alter the rules of judicial jurisdiction. They may not by their contract oust a state of any jurisdiction it would otherwise possess. This does not mean that no weight should be accorded a provision in a contract that any action thereon shall be brought only in a particular state. Such a provision represents an attempt by the parties to insure that the action will be brought in a forum that is convenient for them. A court will naturally be reluctant to entertain an action if it considers itself to be an inappropriate forum. And the fact that the action is brought in a state other than that designated in the contract affords ground for holding that the forum is an inappropriate one and that the court in its discretion should refuse to entertain this ac-

tion. Such a provision, however, will be disregarded if it is the result of overreaching or of the unfair use of unequal bargaining power or if the forum chosen by the parties would be a seriously inconvenient one for the trial of the particular action. On the other hand, the provision will be given effect, and the action dismissed, if to do so would be fair and reasonable."

*See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Intermountain Systems, Inc. v. Edsall Construction Co.*, 575 F.Supp. 1195 (D.Colo.1983); *Volkswagenwerk, A.G. v. Klippan, GmbH*, 611 P.2d 498 (Alaska 1980); *Societe Jean Nicholas Et Fils v. Mousseux*, 123 Ariz. 59, 597 P.2d 541 (1979); *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal.3d 491, 131 Cal. Rptr. 374, 551 P.2d 1206 (1976); *Reeves v. Chem Industrial Co.*, 262 Or. 95, 495 P.2d 729 (1972); *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965).

We adopt this rule and its rationale.

■ The burden of proving that a forum selection clause is unfair or unreasonable is on the party seeking to avoid its effect. *M/S Bremen v. Zapata Off-Shore Co., supra; Volkswagenwerk, A.G. v. Klippan, GmbH, supra; Societe Jean Nicholas Et Fils v. Mousseux, supra.* Mere inconvenience or additional expense is not the test of unreasonableness. *Societe Jean Nicholas Et Fils v. Mousseux, supra; Smith, Valentino & Smith, Inc. v. Superior Court, supra.* As stated in *M/S Bremen v. Zapata Off-Shore Co., supra:*

"It should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain."

Moreover, the mere fact that a defendant seeking to enforce the forum selection clause is a resident of the state where the action is commenced will not render the

clause ineffective. *See Societe Jean Nicholas Et Fils v. Mousseux, supra.*

Here, ABC has not alleged or shown that the forum selection clause was the result of unfair or unequal bargaining power or fraud. *See Volkswagenwerk A.G. v. Klippan, supra; Societe Jean Nicholas Et Fils v. Mousseux, supra.* Nor has ABC argued or shown that it will be so inconvenient to litigate in California that the clause should be found to be unreasonable. *See Intermountain Systems, Inc. v. Edsall Construction Co., supra; Societe Jean Nicholas Et Fils v. Mousseux, supra.* And, there is no allegation or showing that ABC will be deprived in any way of its day in court on the breach of contract issue if required to litigate in that state. *See Societe Jean Nicholas Et Fils v. Mousseux, supra.*

Furthermore, the franchise agreement provides that California law is to govern disputes concerning the contract. Assuming the application of California law, we note that California courts will give effect to a forum selection clause unless enforcement of the clause would be unreasonable. *Smith, Valentino & Smith, Inc. v. Superior Court, supra.*

However, ABC asserted in its affidavit filed in the trial court, and argues here, that the venue selection clause was included in the franchise agreement for the sole benefit of ABC, and thus, is subject to unilateral waiver by ABC. This contention is without merit.

Construction of a contract is a question of law for the court, *Pepcol Manufacturing Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984), including the determination whether it is ambiguous. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981). Where unambiguous, the terms of the agreement cannot be varied by extrinsic evidence. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc., supra.*

We conclude that the forum selection clause in this franchise agreement is unambiguous. *See Intermountain Systems, Inc. v. Edsall Construction Co., supra; Volkswagenwerk A.G. v. Klippan,*

*supra.* Thus, the clause can not be varied by ABC's extrinsic assertion in its affidavit that the clause was included for its sole benefit and is thus subject to waiver by ABC. There being no contractual provision to the contrary and the forum selection clause being plainly for the mutual benefit of the parties, ABC may not unilaterally waive its effect. *See Lehman v. Williamson,* 35 Colo.App. 372, 533 P.2d 63 (1975).

We conclude that ABC has not met its burden of showing that it would be unfair or unreasonable to enforce the provisions of the parties' forum selection clause. Therefore, the trial court did not err in granting defendant's motion to dismiss. *See* Restatement (Second) of Conflict of Laws § 80 comment a (1971); *Reeves v. Chem Industrial Co., supra.*

The remaining contention of ABC is without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.