**VESSELS OIL & GAS COMPANY, a Colorado corporation, Plaintiff–Appellant,**

v.

**COASTAL REFINING & MARKETING, INC., a Texas corporation, Defendant–Appellee.**

No. 87CA0757.

Colorado Court of Appeals, Div. II.

Oct. 20, 1988.

Miles M. Gersh, Laurie K. Rottersman, Denver, for plaintiff-appellant.

Holland & Hart, Timothy Rastello, Raymond P. Micklewright, Denver, Mark J. Tempest, Houston, Tex., for defendant-appellee.

BABCOCK, Judge.

In this contract action, Vessels Oil & Gas Company (Vessels) appeals the trial court's judgment dismissing its complaint, without prejudice, based on a forum selection clause of the contract. We affirm.

Vessels and defendant, Coastal Refining & Marketing, Inc., (Coastal) entered into a sales contract that contained a forum selection clause which provided that disputes between the parties must be litigated in Harris County, Texas.

In December 1986, Vessels filed a complaint in Denver District Court alleging breach of the contract. Coastal answered the complaint but did not affirmatively plead the forum selection clause.

The parties immediately began settlement negotiations, but those negotiations were terminated in early March 1987. Coastal then notified Vessels of its intention to enforce the forum selection clause and filed its motion to stay or dismiss without prejudice the Colorado proceedings. At that time, discovery requests had been served by both parties, but the requested material had not been produced.

After hearing, the trial court rejected Vessels' contention that Coastal had waived its contractual right to enforce the forum selection clause by failing timely to assert it and by engaging in conduct inconsistent with the forum selection provisions. We find no error in that ruling.

■ Ordinarily, the issue of waiver is a matter for factual determination by the trial court. *Vogel v. Carolina International, Inc.*, 711 P.2d 708 (Colo.App.1985). However, where, as here, the facts are uncontested and the evidence before the trial court is entirely documentary, the waiver issue becomes a matter of law, and we are not bound by the trial court's findings. *See Anderson v. Molitor Industries, Inc.*, — P.2d — (Colo.App. No. 87CA0480, October 7, 1988); *Bashor v.*

*Bache Halsey Stuart Shields, Inc.*, — P.2d — (Colo.App. No. 86CA1528, September 22, 1988); *Cordillera Corp. v. Heard*, 41 Colo.App. 537, 592 P.2d 12 (1978), *aff'd on other grounds*, 200 Colo. 72, 612 P.2d 92 (1980); *Pastor v. San Juan School District No. 1*, 699 P.2d 418 (Colo. App.1985); *Burks v. Verschuur*, 35 Colo. App. 121, 532 P.2d 757 (1974). *Cf. Norden v. E.F. Hutton & Co.*, 739 P.2d 914 (Colo. App.1987).

■ Waiver is the intentional relinquishment of a known right. *Department of Health v. Donahue*, 690 P.2d 243 (Colo. 1984). A party's contractual right will be deemed waived if the party has acted inconsistently with it and prejudice would accrue to the other parties. *Norden v. E.F. Hutton & Co., supra.*

■ However, filing an answer on the merits, or commencing discovery, without more, does not constitute a waiver as a matter of law. *See Demsey & Associates v. S.S. Sea Star*, 461 F.2d 1009 (2d Cir. 1972); *see also Carcich v. Rederi A/B Nordie*, 389 F.2d 692 (2d Cir.1968). Thus, the trial court did not err in its determination that Coastal's mere failure to assert the forum selection clause in its answer and the commencement of discovery failed to establish a waiver. *See Kulukundis Shipping Co. v. Amtorg Trading Corp.*, 126 F.2d 978 (2d Cir.1942); *Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise*, 239 F.2d 689 (4th Cir.1956).

Further, the record reflects that during the two months following the filing of Coastal's answer, the parties were engaged in good faith settlement negotiations, a practice to be encouraged, not penalized. While both parties had served requests for discovery, neither party produced any of the requested materials during the two-month period and neither party filed any motions with the trial court. It was only three months after Vessel's complaint was filed and only after settlement negotiations had ended that Coastal promptly filed its motion invoking the forum selection clause.

Based on these circumstances, we conclude that Vessels was not prejudiced by

the brief delay in Coastal's assertion of the forum selection clause, *see Cordillera Corp. v. Heard, supra; Red Sky Homeowners Ass'n v. Heritage Co.,* 701 P.2d 603 (Colo.App.1984), and that Coastal's actions fell short of inconsistent actions necessary to constitute waiver.

Vessels' reliance on *Davenport Machine & Foundry Co. v. Adolph Coors Co.,* 314 N.W.2d 432 (Iowa 1982) is misplaced. That matter was before the Iowa Supreme Court on the issue of jurisdiction. It held that the forum selection clause did not deprive the Iowa courts of jurisdiction, but may be enforceable on a *forum non conveniens* basis if otherwise fair. On remand, the court merely directed Coors to assert the forum selection clause by motion before answer. The issue of waiver was neither raised before the Iowa Supreme Court nor addressed by it.

■ Finally, although we have not expressed a strong public policy favoring contractual forum selection clauses, as in the case of arbitration provisions, *compare ABC Mobile Systems, Inc. v. Harvey,* 701 P.2d 137 (Colo.App.1985) with *Red Sky Homeowners Ass'n v. Heritage Co., supra,* forum selection clauses are enforceable. *See ABC Mobile Systems, Inc. v. Harvey, supra.* We see no reason to apply a different waiver rule based on this distinction.

JUDGMENT AFFIRMED.

SMITH and REED, JJ., concur.