**EDGE TELECOM, INC. and Robert DeGraw, Plaintiffs–Appellants,**

v.

**STERLING BANK, Defendant–Appellee.**

**No. 05CA0827.**

Colorado Court of Appeals,
Div. A.

Aug. 10, 2006.

Deisch, Marion & Klaus, P.C., Jeffrey B. Klaus, Denver, Colorado, for Plaintiffs–Appellants.

Block Markus & Williams, LLC, Donald J. Quigley, Denver, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

In this action seeking damages for fraud and misrepresentation, plaintiffs, Edge Telecom, Inc., a Colorado corporation, and Robert DeGraw, appeal from the judgment of the trial court dismissing without prejudice their complaint against defendant, Sterling Bank, a New York corporation, pursuant to a forum selection clause. The trial court determined under C.R.C.P. 12(b)(1) that the forum selection clause was enforceable and, therefore, that it lacked subject matter jurisdiction. We agree that the forum selection clause was enforceable, and, therefore, we affirm.

The pertinent facts are not disputed. In March and April 2004, Edge agreed to purchase telecommunications equipment from a codefendant, NorVergence, Inc., a New Jersey corporation. The companies executed a finance lease, and DeGraw signed the lease as a guarantor. NorVergence then assigned the lease to Sterling. In June 2004, NorVergence filed for bankruptcy protection, and it is not a party to this appeal.

After receiving a demand for payment from Sterling, plaintiffs filed this action in Denver District Court against NorVergence and Sterling, alleging that the lease and guarantee were invalid based on fraud and violation of the Colorado Consumer Protection Act. The action against NorVergence was stayed pursuant to the federal bankruptcy code.

The financial lease contained a forum selection clause in the event of litigation, which provided as follows:

This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located. Without regard to such State's choice of law considerations ... all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option.

In similar fashion, the guaranty provided: "The same state law as the rental will govern this guaranty. You agree to jurisdiction and venue as stated in the paragraph titled applicable law of the rental."

Based on these provisions, Sterling filed a motion to dismiss pursuant to C.R.C.P. 12(b)(1), asserting that the trial court did not have subject matter jurisdiction over plaintiffs' claims. The court granted the motion, determining that the forum selection clauses were enforceable and that it had no subject matter jurisdiction over the dispute.

Plaintiffs appeal, contending that the dismissal of their complaint based on the forum selection clause was error. We disagree. Although we do not agree either with defendant's argument that C.R.C.P. 12(b)(1) is an appropriate mechanism by which to litigate this issue or with the trial court's determination that the forum selection clause implicated the court's subject matter jurisdiction, we agree with its conclusion that the clause was enforceable and, therefore, dismissal was proper.

## I. Standard of Review

Colorado, like every other jurisdiction of which we are aware, follows the general rule first set forth by the Restatement (Second) of Conflict of Laws in 1971 and adopted one year later by the United States Supreme Court in *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12, 92 S.Ct. 1907, 1914, 32 L.Ed.2d 513 (1972). Under this rule, a forum selection clause will be enforced unless the party seeking to avoid its effect proves that enforcement would be unfair or unreasonable. *ABC Mobile Sys., Inc. v. Harvey*, 701 P.2d 137, 139 (Colo.App.1985).

Because forum selection clauses are contractual provisions agreed to by private

parties, issues relating to their interpretation and enforcement are matters of substantive contract law. *See, e.g., Licensed Practical Nurses, Technicians & Health Care Workers, Inc. v. Ulysses Cruises, Inc.,* 131 F.Supp.2d 393, 405–06 (S.D.N.Y.2000). Generally, the standard of review for the interpretation of contract terms is de novo. *B & B Livery, Inc. v. Riehl,* 960 P.2d 134, 136 (Colo.1998).

■ When the issue of enforcement of a forum selection clause requires factual findings by the trial court, it is a mixed question of law and fact, for which de novo review also is warranted. *See Adams Reload Co. v. Int'l Profit Assocs., Inc.,* 143 P.3d 1056, 2005 WL 3071566 (Colo.App. No. 04CA1253, Nov. 17, 2005) (de novo review required because enforcement of forum selection clause involved legal questions and issues of public policy and fairness); *see also In re Vought,* 76 P.3d 906, 913 (Colo.2003) (mixed question of law and fact results in legal standard that varies with the facts of the case); *E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18, 22–23 (Colo. 2000) (when dealing with mixed questions of fact and law, appellate court may choose proper standard of review).

## II. Procedural Mechanism for Evaluating Forum Selection Clause

Initially, we address whether the issue was properly framed and decided under C.R.C.P. 12(b)(1). We conclude that it was not.

### A. Need for Appropriate Procedural Mechanism

Although forum selection clauses appear frequently in commercial contracts, there is no procedural rule—either in Colorado or elsewhere in other jurisdictions of which we are aware—specifically tailored to a request to dismiss or transfer a case on the basis of a forum selection clause.

As a result, parties and courts have framed such motions in a variety of ways: as motions to dismiss for lack of subject matter jurisdiction; as motions to dismiss for failure to state a claim; as motions alleging improper venue or forum non conveniens; or as motions to transfer from one federal court to another. *See, e.g., Steward v. Up N. Plastics, Inc.,* 177 F.Supp.2d 953, 957 (D.Minn. 2001) (discussing applicable federal rules); *Olinick v. BMG Entm't,* 138 Cal.App.4th 1286, 1294, 42 Cal.Rptr.3d 268, 274 (2006) (forum non conveniens); *see also Ex parte Procom Servs., Inc.,* 884 So.2d 827, 829 (Ala. 2003) (dismissal through writ of mandamus).

Here, neither party disagrees that the question whether a forum selection clause is enforceable may be a dispositive ruling that should be determined by the trial court as a threshold matter. They disagree, however, as to the appropriate mechanism by which the issue should be presented to a trial court. Specifically, defendant's motion in the trial court asserted that, based on the forum selection clause, the court lacked subject matter jurisdiction over plaintiffs' complaint. In plaintiffs' view, however, defendant's motion was actually a motion to dismiss for failure to state a claim. Thus, on appeal, plaintiffs argue that it was defendant's burden to show in its motion to dismiss that, taking all the allegations of the complaint as true, plaintiff could not prevail under any set of facts and defendant failed to meet that burden. We disagree with both parties.

### B. C.R.C.P. 12(b)(1) and (5)

■ On the one hand, contrary to the trial court's ruling, C.R.C.P. 12(b)(1) is not an appropriate procedural mechanism for addressing a forum selection clause. Subject matter jurisdiction refers to a court's inherent power to deal with a particular case. *See, e.g., Cornstubble v. Indus. Comm'n,* 722 P.2d 448, 450 (Colo.App.1986). In Colorado, the subject matter jurisdiction of state courts is determined by constitution. *See* Colo. Const. art. VI, § 9; *Colo. Supreme Court Grievance Comm. v. Dist. Court,* 850 P.2d 150, 151–52 (Colo.1993) (district courts possess original subject matter jurisdiction over all matters unless otherwise provided by the constitution). Therefore, private parties cannot simply agree in a forum selection clause to deprive a court of its subject matter jurisdiction. *See Vanderbeek v. Vernon Corp.,* 25 P.3d 1242, 1248 (Colo.App.2000) ("parties' agreement as to the place of the action cannot deprive a court of subject matter juris-

diction"), *aff'd*, 50 P.3d 866 (Colo.2002); *Cornstubble v. Indus. Comm'n, supra,* 722 P.2d at 450.

■ On the other hand, contrary to plaintiffs' argument, a motion to dismiss for failure to state a claim also is inappropriate. Such a motion requires the court to accept as true the allegations in the complaint and draw all inferences in favor of the plaintiff. *See, e.g., Medina v. State,* 35 P.3d 443, 452 (Colo.2001). However, that analysis conflicts with the requirement in forum selection clause enforcement cases that the party seeking to avoid the effect of the clause has the burden of proof. *See M/S Bremen v. Zapata Off–Shore Co., supra,* 407 U.S. at 15–17, 92 S.Ct. at 1916–17 ("heavy burden" requiring a "strong showing"); *ABC Mobile Sys., Inc. v. Harvey, supra,* 701 P.2d at 139.

We note also that, unlike a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction, which can be made at any point in the proceedings, dismissal based on a forum selection clause is subject to the doctrine of waiver. *See Vessels Oil & Gas Co. v. Coastal Refining & Mktg., Inc.,* 764 P.2d 391, 392–93 (Colo.App. 1988) (evaluating whether defendant had waived its right to move for dismissal based on a forum selection clause).

Accordingly, to the extent the trial court granted defendant's motion to dismiss plaintiffs' complaint based on C.R.C.P. 12(b)(1), it was incorrect.

### C. Proper Procedural Mechanism

Although the trial court's dismissal based on lack of subject matter jurisdiction was improper, its error is harmless if the court nonetheless reached the correct outcome. *See* C.R.C.P. 61; *City of Colorado Springs v. Givan,* 897 P.2d 753, 761 (Colo.1995) (civil harmless error standard).

In the trial court, the procedural rule under which a motion to dismiss is brought is critical: it dictates the correct burden of proof, *see, e.g.,* C.R.C.P. 12(b)(5) (burden on movant); the time the motion must be brought, *see, e.g.,* C.R.C.P. 12(b)(2) (motion must be raised before trial); whether the facts in the complaint must be taken as true, *see, e.g.,* C.R.C.P. 12(b)(5) (facts in complaint treated as true); whether the court may hold an evidentiary hearing, *see, e.g.,* C.R.C.P. 12(b)(1) (court may hold evidentiary hearing); whether the court makes factual findings, *see, e.g.,* C.R.C.P. 12(b)(1) (court may make factual findings regarding jurisdiction); and whether the issue may be waived, *see, e.g.,* C.R.C.P. 12(b)(1) (subject matter jurisdiction not subject to waiver).

Thus, to determine whether the result here—dismissal of the complaint—was otherwise proper and the court's error consequently harmless, we must first ascertain the proper procedural context in which a trial court must evaluate motions to dismiss based on forum selection clauses. Then, once we have determined the proper procedure, we can determine whether the court's ruling was, in any event, substantively correct. *Cf. Tesmer v. Colo. High Sch. Activities Ass'n,* 140 P.3d 249 (Colo.App.2006) (court may affirm a trial court's ruling on alternative grounds).

#### 1. Other Inappropriate Mechanisms

First, although other jurisdictions, as discussed, rely on an array of procedural mechanisms, we conclude that no Colorado rule of civil procedure adequately addresses the enforcement of forum selection clauses.

We have already ascertained that, while some courts have used them, neither a motion to dismiss for lack of subject matter jurisdiction nor one for failure to state a claim provides a suitable framework to evaluate a motion to dismiss based on a forum selection clause.

■ For similar reasons, we also disagree with those few courts that evaluate a forum selection clause under a summary judgment standard. Although a summary judgment procedure may be workable when enforcement of a forum selection clause raises no disputed issues of material fact, postponing until trial any unresolved factual issues raised in the context of a summary judgment—motion which in this context could occur quite frequently—directly conflicts with the need to determine the potentially dispositive forum selection clause issue well

in advance of trial. *Cf. Trinity Broad., Inc. v. City of Westminster,* 848 P.2d 916, 927 (Colo.1993) (explaining why governmental immunity questions should not be resolved by motions for summary judgment).

■ Nor do we agree with the few courts that have addressed the issue under the doctrine of forum non conveniens. The placement of the burden on the party seeking to avoid the clause in a forum selection clause enforcement dispute is inconsistent with the burden in a motion for forum non conveniens. *See UIH–SFCC Holdings, L.P. v. Brigato,* 51 P.3d 1076, 1078 (Colo.App.2002) (moving party must overcome the "strong presumption" in favor of the plaintiff's choice of forum). Moreover, while forum non conveniens is a discretionary doctrine used only in "the most unusual circumstances," *see, e.g., UIH–SFCC Holdings, L.P. v. Brigato, supra,* 51 P.3d at 1078, forum selection clauses are hardly extraordinary, *see* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3803.1 (1986), and their enforcement is a matter of contract law, not judicial discretion. *See, e.g., Bombardier Capital Inc. v. Progressive Mktg. Group, Inc.,* 801 So.2d 131, 136 (Fla.Dist.Ct.App.2001).

■ Nor is a motion for change of venue under C.R.C.P. 98, which only prescribes grounds to change venue within the state, an appropriate vehicle. And although federal courts can employ 28 U.S.C. § 1404(a) to transfer a case to another federal court in a different state, *see Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (outlining procedure for transferring case to another federal court where action could have been brought), state courts do not have this option. *See Licensed Practical Nurses, supra,* 131 F.Supp.2d at 405–06.

### 2. Appropriate Procedure

■ Because there is no applicable Colorado rule of procedure, to comply with established Colorado forum selection enforcement law, we conclude that, irrespective of the title or form of a motion to dismiss based on a forum selection clause, the correct method to evaluate such a motion is as follows:

● The trial court must address the motion at the outset of the proceedings.

● Once the party moving to dismiss has demonstrated the existence of a forum selection clause, the trial court must require any party opposing the motion not merely to allege, but to demonstrate by a preponderance of the evidence that the clause is unfair or unreasonable, or was fraudulently induced.

● The trial court is free, if it deems it necessary, to hold an evidentiary hearing and make requisite factual findings. *Cf. Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1192 (Colo.2005) (procedure for motions for lack of personal jurisdiction); *Trinity Broad., Inc. v. City of Westminster, supra,* 848 P.2d at 927 (procedure for governmental immunity cases).

● When appropriate, the court may apply the doctrine of waiver. *See Vessels Oil & Gas Co. v. Coastal Refining & Mktg., Inc., supra,* 764 P.2d at 392–93 (evaluating whether defendant had waived its right to move for dismissal based on a forum selection clause).

### 3. Harmless Error

Analyzing the trial court's ruling in this context as we more fully discuss below, we conclude that its dismissal of plaintiffs' complaint was correct. Furthermore, because the trial court applied a more lenient standard to plaintiffs by accepting the allegations in the complaint as true, and because both parties had the opportunity to submit affidavits and other evidence, plaintiffs have shown no prejudice from the trial court's otherwise improper determination that dismissal was warranted for lack of subject matter jurisdiction. Therefore, the trial court's erroneous reliance on C.R.C.P. 12(b)(1) as the basis for the dismissal was harmless.

### III. Enforceable Forum Selection Clause

As discussed, a forum selection clause will be enforced unless the party seeking to avoid its effect proves that its enforcement would be unfair or unreasonable or that it was fraudulently induced. Here, the court concluded that plaintiffs' general allegations of fraud in the underlying transaction were le-

gally insufficient to render the forum selection clause unenforceable. The court also determined that the clause was not unfair or unreasonable. We agree with the trial court on both grounds.

### A. Transaction Induced Fraud

■ For purposes of its motion to dismiss in the trial court, defendant did not dispute plaintiffs' allegation that the entire transaction was procured by fraud. Based on this concession, in response to defendant's motion plaintiffs contended that their general allegations of fraud set forth in the complaint were sufficient to show that the lease and guarantee were instruments of fraud. Therefore, they argued before the trial court, and continue to do so here, that the forum selection clause, as part of the lease and guarantee agreements themselves, was necessarily the product of fraud and, thus, was unfair and unenforceable as a matter of law. We disagree.

In adopting the general rule of forum selection clause enforcement in *ABC Mobile Systems, Inc. v. Harvey, supra,* 701 P.2d at 139, the division stated in passing that the defendant had "not alleged or shown that the forum selection clause was the result of unfair or unequal bargaining power or fraud." However, the specific question raised here—whether general contractual fraud not specifically relating to the procurement of the forum selection clause is sufficient to invalidate the clause was—not addressed. Nor has it been addressed by subsequent Colorado cases involving forum selection clauses.

■ However, every other court to have addressed this issue has agreed that, to render a forum selection clause unenforceable, the party seeking to avoid the clause must show that the clause itself was procured by fraud. *See, e.g., Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974) ("In *The Bremen* we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement (is) unaffected by fraud....' This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforce-

able. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." (citation omitted)); *see also Richards v. Lloyd's of London,* 135 F.3d 1289, 1296–97 (9th Cir.1998) (same); *REO Sales, Inc. v. Prudential Ins. Co.,* 925 F.Supp. 1491, 1493 (D.Colo.1996) (same); *Ex parte Leasecomm Corp.,* 879 So.2d 1156, 1158–59 (Ala. 2003) (same); *Golden Palm Hospitality, Inc. v. Stearns Bank,* 874 So.2d 1231, 1235–36 (Fla.Dist.Ct.App.2004) (same). We know of no reported case, nor have plaintiffs cited any, holding otherwise.

■ We agree with the rationale of these cases and similarly hold that so long as a forum selection clause is itself not the result of fraud, the parties can fairly expect to litigate any issues, including the plaintiff's general allegations of fraud, in the designated forum. Furthermore, in commercial transactions, such as here, contracting parties must be able to rely on such clauses. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.,* 437 F.3d 606, 610 (7th Cir. 2006); *REO Sales, Inc. v. Prudential Ins. Co., supra,* 925 F.Supp. at 1495 (if a forum selection clause were to be rejected whenever a plaintiff asserted a generic claim of fraud in the inducement, then forum selection clauses would be rendered essentially meaningless).

### B. Unreasonable or Unfair Enforcement

■ If a forum selection clause has not been fraudulently procured, a court may still refuse to enforce it if doing so would be unreasonable or unfair. As discussed, the burden of proving that a forum selection clause is unfair or unreasonable is on the party seeking to avoid its effect. *Adams Reload Co. v. Int'l Profit Assocs., Inc., supra.*

### 1. Inconvenience

■ For inconvenience to constitute unreasonableness, the party seeking to nullify the provision must show that the party will, for all practical purposes, be deprived of a day in court. *ABC Mobile Sys., Inc. v. Harvey, supra,* 701 P.2d at 139.

Here, although plaintiffs asserted that litigating their claims in New York would be inconvenient for their witnesses and employees, they did not allege or offer any evidence to show that they would be unable to obtain a fair hearing in a New York court. Moreover, it is undisputed that NorVergence's principal place of business is in New Jersey and, therefore, by the plain terms of the lease and guarantee, plaintiffs were on notice that any litigation could be in the New York area.

### 2. Unspecified Forum

Plaintiffs argue that, nonetheless, the forum selection clause is unenforceable because it referred not to a precise location but to an unspecified "place of business." We disagree.

From the briefs of both parties, we are aware that the provision at issue here was inserted by NorVergence into its various contracts across the country and that its validity has been challenged in numerous lawsuits in state and federal courts. In the one reported case discussing the clause, the Seventh Circuit Court of Appeals upheld the provision despite the lack of specificity of the forum location, reasoning that to allow plaintiffs to avoid the effect of their bargain would upset the risk-benefit analysis to which they agreed. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc., supra,* 437 F.3d at 610 (potential defendants would not agree to the inclusion of such a clause in their contracts if they thought it would put them at a disadvantage should the parties have a dispute that resulted in litigation, unless they were compensated for assuming that risk).

Similarly, of the numerous unreported cases referenced by the parties from other courts that have considered the clause, we note that no court has determined that specifying the location with reference to the lessor is categorically unfair or unreasonable. *See Preferred Capital Inc. v. Power Eng'g Group, Inc.,* 163 Ohio App.3d 522, 839 N.E.2d 416 (2005).

Indeed, of the three unreported cases referred to by the parties in which the clause was not enforced, in each case the forum selection clause was not found to be unfair or unreasonable, but was invalidated instead on specific allegations, not present here, that the clause itself was procured by fraud. *See, e.g., SRH, Inc. v. IFC Credit Corp.,* 275 Ga.App. 18, 619 S.E.2d 744, 746 (2005) (forum selection clause alleged to have been procured by fraud).

We agree with the reasoning of the Seventh Circuit and these other courts that, as the trial court determined, "the clause is not unfair or unreasonable simply because it provides that the forum for any litigation shall be where the principal office of the Rentor or its assignee is located."

### 3. "Free Negotiation"

In *M/S Bremen, supra,* 407 U.S. at 12, 92 S.Ct. at 1914, the Supreme Court enforced a forum selection clause it characterized as "freely negotiated," implying that the clause was the result of bargaining between the parties and not simply inserted without negotiation by one side. Plaintiffs contend that reversal is required here because the trial court failed to make a requisite threshold finding of such "free negotiation." However, a forum selection clause need not be "freely negotiated" to be enforceable. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) ("refin[ing]" analysis of *M/S Bremen* to hold that "negotiation" is not a prerequisite for enforcement of forum selection clauses); *Gilman v. Wheat, First Sec., Inc.,* 345 Md. 361, 692 A.2d 454, 461 (1997); *Tateosian v. Celebrity Cruise Servs., Ltd.,* 768 A.2d 1248, 1250 (R.I.2001); *see also Clinic Masters, Inc. v. Dist. Court,* 192 Colo. 120, 124, 556 P.2d 473, 475–76 (1976) (form contracts are not necessarily unenforceable).

### IV. Guaranty

Alternatively, plaintiffs contend that even if the forum selection clause is enforceable, the language of the guaranty is merely permissive and the trial court should have refused to enforce it. However, the language of the forum selection clause in the lease is mandatory, *see Vanderbeek v. Vernon Corp., supra,* 25 P.3d at 1248 (to be mandatory, forum selection clause "need only con-

tain clear language showing the appropriate forum consists of that which has been designated"), and the guaranty unequivocally instructs that the forum selection clause contained in the lease controls any litigation involving the guarantor.

## V. CCPA and Public Policy

 Finally, we disagree with plaintiffs' argument that, by enforcing the forum selection clause, the trial court violated Colorado public policy because plaintiffs asserted a claim under the Colorado Consumer Protection Act (CCPA), § 6–1–105(1)(e), (q), (r), C.R.S.2005.

In *Adams Reload Co. v. International Profit Associates, Inc., supra,* the division compared the CCPA to the Colorado Wage Protection Act, § 8–4–110(2), C.R.S.2005, a statute that has been found to express public policy, and concluded that the CCPA contains no equivalent language that would preclude forum selection clause enforcement. The division also noted that the remedial purpose and liberal construction of the CCPA do not amount to an expression of a public policy precluding enforcement of forum selection clauses.

We find this reasoning persuasive and dispositive of plaintiffs' contention.

The judgment is affirmed.

Judge WEBB and Judge NEY * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.