The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 22, 2019

## 2019COA129

**No. 18CA1331, *Avicanna Inc. v. Mewhinney* — Contracts — Forum Selection — Unilateral Waiver**

A division of the court of appeals holds that a plaintiff cannot unilaterally waive a forum selection clause when the clause was not included exclusively for the plaintiff's benefit.

COLORADO COURT OF APPEALS        **2019COA129**

Court of Appeals No. 18CA1331
Pitkin County District Court No. 17CV30089
Honorable Christopher G. Seldin, Judge

Avicanna Inc.,

Plaintiff-Appellant,

v.

Timothy Mewhinney, Steven Garcia, and The Laughing Dog Group, LLC, a Colorado limited liability company,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE GROVE
Taubman and Hawthorne, JJ., concur

Announced August 22, 2019

Dentons US LLP, Karen Ashley Phillips, Robert A. Hammeke, Denver, Colorado, for Plaintiff-Appellant

Law Office of Corry & Associates, Robert J. Corry, Jr., Abbey G. Moffitt, Denver, Colorado, for Defendants-Appellees

¶ 1     In this commercial dispute, we consider whether plaintiff, Avicanna Inc., should have been permitted to sue defendants in Pitkin County District Court or whether, as the district court found, Avicanna was bound by a forum selection clause that designated the courts of Ontario, Canada, as the forum for the resolution of any disputes between Avicanna and its contractual counterparties. Because nothing in the parties' contract showed that the forum selection clause was included exclusively for Avicanna's benefit, we conclude that Avicanna could not unilaterally waive that provision. We therefore affirm the district court's order enforcing the forum selection clause and dismissing Avicanna's complaint without prejudice.[1]

## I.     Background

¶ 2     As the district court described it, this case involves a "topsy-turvy expression of incentives" in which a Canadian plaintiff filed

---

[1] Most of the time a dismissal without prejudice is not a final, appealable order. *Norby v. Charnes*, 764 P.2d 407, 408 (Colo. App. 1988). Where, as here, however, the circumstances of the case indicate that the action cannot be saved and that the district court's order precludes further proceedings, dismissal without prejudice qualifies as a final judgment for the purposes of appeal. *Id.*; *see also Brody v. Bock*, 897 P.2d 769, 777 (Colo. 1995).

suit in Colorado against Colorado defendants, and then unsuccessfully opposed a motion by those Colorado defendants to move the litigation off of their home turf and back to Canada.

¶ 3    Avicanna is a Canadian corporation with its principal place of business in Ontario, Canada. It contracted with St. J Distribution LLC, a Colorado limited liability company, and several of its members to purchase certain assets from that business.[2] Among other things, the asset purchase agreement included the following choice of law and forum selection provision:

> 9.10 Governing Law; Attornment
>
> This Agreement will be construed, interpreted and enforced in accordance with the laws of the Province of Ontario and the federal laws of Canada applicable therein. Each Party irrevocably attorns and submits to the exclusive jurisdiction of the courts of Ontario and irrevocably waives objection to the venue of any proceeding in those courts or that those courts provide an inconvenient forum.

---

[2] The individual defendants each executed subsidiary independent contractor agreements. These agreements each included a forum selection clause that was materially identical to the clause that appears in the asset purchase agreement, so we only conduct a single analysis of the forum selection question in this opinion.

¶ 4    Alleging breach of contract, Avicanna sued all of the contractual counterparties, along with Laughing Dog Group, LLC,[3] in Pitkin County.  Two of the defendants, St. J Distribution LLC and John David Robinson (collectively, St. J), then filed cross-claims against the remaining defendants — Timothy Mewhinney, Steven Garcia, and The Laughing Dog Group, LLC (collectively, the Mewhinney defendants).

¶ 5    The Mewhinney defendants moved to dismiss both the complaint and St. J's cross-claims for failure to state a claim on which relief may be granted.  Neither motion mentioned the forum selection clause.  Instead, the Mewhinney defendants kept quiet about the issue until filing their reply in support of their motion to dismiss Avicanna's complaint, when they argued that the forum selection clause deprived the trial court of jurisdiction over the dispute.

¶ 6    Because the Mewhinney defendants raised it for the first time in a reply (and because it did not implicate the district court's subject matter jurisdiction, *see Nickerson v. Network Sols., LLC,*

---

[3] The Laughing Dog Group, LLC was owned and/or managed by one or more of the members of St. J. Distribution LLC.

3

2014 CO 79, ¶ 13), the district court declined to consider the Mewhinney defendants' forum selection argument as part of the motions to dismiss. In a subsequent sua sponte order, however, the court stated that "the issue is significant, and if a party wishes to enforce [the forum selection clause] . . . it should be afforded an opportunity to present argument to that effect." The court invited briefing on the issue and, shortly thereafter, the Mewhinney defendants moved to enforce the forum selection clause.

¶ 7    In a detailed written order, the district court ruled that the forum selection clause "unambiguously states that *each* party submits to the jurisdiction of [the courts of] Ontario," and that because nothing in the parties' agreement showed that the clause was included "solely for Avicanna's benefit," Avicanna could not unilaterally waive it. The district court also rejected Avicanna's argument that the Mewhinney defendants "relinquished any right to enforce the clause by failing to raise it earlier," thereby waiving their right to invoke its protections. Although the court stated that the Mewhinney defendants' tardiness in raising the issue made it "a close case," the court ultimately concluded that Avicanna was not prejudiced by the delay. As a result, the court granted the

Mewhinney defendants' motion to enforce the forum selection clause and dismissed the case without prejudice.

## II. Avicanna Could Not Unilaterally Waive the Forum Selection Clause

¶ 8    Avicanna argues that the forum selection clause in the contract was intended for its sole benefit, and that it was therefore entitled to unilaterally waive its protections and file suit in Colorado.  We disagree.

### A. Standard of Review

¶ 9    We review de novo a district court's application of a forum selection clause.  *Adams Reload Co. v. Int'l Profit Assocs., Inc.*, 143 P.3d 1056, 1058 (Colo. App. 2005).

### B. Analysis

¶ 10    Our goal in interpreting a contract is "to determine and give effect to the intention of the parties."  *USI Props. E., Inc. v. Simpson*, 938 P.2d 168, 173 (Colo. 1997).  To discern the parties' intent, we look first to "the language of the instrument itself."  *City of Aurora v. N. Colo. Water Conservancy Dist.*, 236 P.3d 1222, 1226 (Colo. 2010).  If that language is unambiguous, we will enforce the contract consistent with the plain and ordinary meanings of its terms.  *Id.*

5

¶ 11    A forum selection clause will be enforced unless the party seeking to avoid its effect — Avicanna in this case — proves that enforcement of the clause would be unfair or unreasonable.  *Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 1159 (Colo. App. 2006).  Avicanna likewise carries the burden of demonstrating that it was entitled to unilaterally waive the forum selection clause.  *See ABC Mobile Sys., Inc. v. Harvey*, 701 P.2d 137, 139 (Colo. App. 1985).  "[T]he mere fact that a defendant seeking to enforce the forum selection clause is a resident of the state where the action is commenced will not render the clause ineffective."  *Id.* at 139-40 (citing *Societe Jean Nicholas Et Fils v. Mosseux*, 597 P.2d 541 (Ariz. 1979)).  Rather, the contractual forum must be so gravely difficult and inconvenient that parties seeking to escape their contract will for all practical purposes be deprived of their day in court.  *Id.*

¶ 12    Avicanna does not contend that the forum selection clause is ambiguous.  Nor does it assert that enforcement of the clause would be unfair or unreasonable.  Instead, relying in large part on the analysis in *Rizas v. Vail Resorts, Inc.*, No. 08-CV-139-J, 2009 WL 10664834 (D. Wyo. Oct. 1, 2009), Avicanna argues that it was entitled to unilaterally waive enforcement of the forum selection

clause because that provision was included in the contract exclusively for its benefit.

¶ 13     It is well-settled that a party may waive a provision that was included in a contract for that party's sole benefit. *See Fravert v. Fesler*, 11 Colo. App. 387, 391, 53 P. 288, 290 (1898) ("Any person may waive a formal condition inserted in a contract for his benefit, and the waiver need not be express."); *see also* 13 *Williston on Contracts* § 39:24, Westlaw (4th ed. database updated May 2019). But it is equally true that "a waiver of contract requirements and conditions may not be made unilaterally when it would deprive the nonwaiving party of a benefit under the provision in question." 13 *Williston on Contracts* at § 39:24. Accordingly, Avicanna could unilaterally waive the forum selection clause if — but only if — it demonstrated that the clause was intended to benefit Avicanna alone.

¶ 14     Because the forum selection clause is unambiguous, Avicanna may not rely on extrinsic evidence to show that it was the sole beneficiary of that provision. *ABC Mobile*, 701 P.2d at 140. Instead, Avicanna argues that its sole beneficiary status may be gleaned from the four corners of the contract itself — and in

support of its position it points out that it was the only signatory that was a resident of Ontario, while all the other parties were from Colorado. Thus, Avicanna argues, "the Ontario choice of forum clauses were drafted for the sole benefit of Avicanna, the only party that is an Ontario resident."

¶ 15     For three reasons, we disagree that Avicanna's status as the only Canadian resident, standing on its own, is enough to show that the parties incorporated the forum selection clause into this complex arm's-length agreement exclusively for Avicanna's benefit.

¶ 16     First, inferring the substance of the parties' negotiations from the four corners of the contract is impossible. Mewhinney and Garcia may have agreed to the forum selection clause as drafted — or perhaps even requested it in the first instance — for any number of reasons. For example, they may have believed that Canadian courts resolve disputes quicker, more fairly, or more efficiently. Or perhaps they concluded that, in the event of a breach, substantive Ontario law would be more favorable to them than Colorado law. Or they might have reluctantly agreed to a bilateral forum selection clause in exchange for the inclusion of more favorable terms elsewhere in the contract.

¶ 17    Second, the forum selection clause, by its plain terms, applies to "Each Party."  As demonstrated by the differing outcomes in *Open Text Corp. v. Grimes*, 262 F. Supp. 3d 278 (D. Md. 2017), and *Imperium Insurance Co. v. Allied Insurance Brokers, Inc.*, No. CIV. CCB-12-1373, 2012 WL 4103889 (D. Md. Sept. 17, 2012), two cases that considered forum selection clauses with substantial similarities to the clause in dispute here, this language of mutuality signals an intent to apply the forum selection clause to every signatory to the contract.

¶ 18    In *Open Text*, the court considered an employment contract between a Maryland-based employee (Grimes) and a Canadian corporation (Open Text) that was based in Ontario.  The contract included a promise by the employee that "I hereby irrevocably attorn to the jurisdiction of the courts of the Province of Ontario." 262 F. Supp. 3d at 281.  After the corporation sued the employee in Maryland, the employee moved to dismiss, arguing that the forum selection clause required suit to be filed in Ontario.  Relying on "the specific language of the Grimes Agreement," which "only include[d] a promise by *Grimes*," the court concluded that "[t]he mere fact that *Grimes agreed* to 'irrevocably attorn to the jurisdiction of the courts

of the Province of Ontario' did not foreclose *Open Text's ability* to file suit in Grimes' home state." *Id.* at 286.

¶ 19    In reaching this conclusion, the *Open Text* court distinguished *Imperium*, a case involving a forum selection clause that, instead of including a promise by only one of the litigants, bound "each party." The clause at issue in *Imperium* stated as follows:

> Each party . . . stipulates that the State and Federal courts located in the County of New York, State of New York shall have in personam jurisdiction and venue over each of them for the purpose of litigating any dispute, controversy, or proceeding arising out of or related to this Agreement.

*Imperium*, 2012 WL 4103889, at *1. This clause, the court determined, was "bilateral" — that is, intended to benefit both parties — particularly when it was considered together with other portions of the contract that specifically allotted authority and responsibilities to one party or the other. *Id.* And because the clause was a "mutually beneficial provision," it could not be unilaterally waived by either party. *Id.* at *3.

¶ 20    We agree with the reasoning in *Open Text* and *Imperium*. And, taking the same approach that the courts applied in those cases, we conclude that *Rizas* — the centerpiece of Avicanna's argument —

actually supports the district court's conclusion in this case. Most importantly, as in *Open Text*, the provision at issue in *Rizas*, which included both forum selection and choice of law clauses, did not purport to protect "each party." To the contrary, it provided in pertinent part that

> [i]t is agreed by [the tour operator] and the Tour Member that all legal claims, actions, and proceedings against [the tour operator] under, in connection with, resulting from or incident to a tour may be instituted, if at all, only in a state or federal court within the State of Connecticut, USA, to the exclusion of the courts of or in any other state or jurisdiction. It is further agreed that all such claims, actions and proceedings shall be governed by and decided in accordance with the laws of the State of Connecticut.

*Rizas*, 2009 WL 10664834, at *2. While this clause prescribed the forum and governing law for lawsuits filed *against* the tour operator, it did not designate the forum or governing law for a lawsuit that might be filed *by* the tour operator against a tour member. In other words, the provision at issue in *Rizas* protected only one party to the transaction and, as a result, was the very definition of a provision that is not mutually beneficial. Because it

11

protected only the tour operator, the *Rizas* court correctly found that the forum selection clause and choice of law language were included for the tour operator's sole benefit.  And because the provision at issue protected only the tour operator, that party was permitted to unilaterally waive it.

¶ 21     Third, we find significant the forum selection clause's proviso that each party "*irrevocably* attorns and submits to the exclusive jurisdiction of the courts of Ontario."  (Emphasis added.)  "Irrevocable" means "[u]nalterable; committed beyond recall."  Black's Law Dictionary 994 (11th ed. 2019).  Allowing Avicanna to sidestep the forum selection clause — that is, to revoke its ostensibly irrevocable commitment to abide by its terms — would render this language meaningless, a result we strive to avoid.  *See Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1313 (Colo. 1984) ("An integrated contract in the first instance is to be interpreted in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless.").

¶ 22     For these reasons, we agree with the district court's conclusion that Avicanna failed to carry its burden of showing by a

preponderance of the evidence that it was the sole beneficiary of the forum selection clause.

### III. The Mewhinney Defendants Did Not Waive the Forum Selection Clause

¶ 23     Avicanna next contends that the Mewhinney defendants waived any opportunity to enforce the forum selection clause by failing to timely raise the issue in the district court. We disagree.

### A. Standard of Review

¶ 24     Ordinarily, waiver is a factual matter determined by the trial court. *Vessels Oil & Gas Co. v. Coastal Ref. & Mktg., Inc.*, 764 P.2d 391, 392 (Colo. App. 1988). But where, as here, the facts bearing on waiver are uncontested and the evidence before the trial court is entirely documentary, waiver becomes a matter of law, and we are not bound by the trial court's findings. *Id.*

### B. Analysis

¶ 25     Waiver is the intentional relinquishment of a known right. *Vanderbeek v. Vernon Corp.*, 25 P.3d 1242, 1248 (Colo. App. 2000), *aff'd*, 50 P.3d 866 (Colo. 2002). A party waives a contractual right, including the right to rely on a forum selection clause, if the party acts inconsistently with the right and prejudice accrues to the other

13

parties to the contract. *Id.* (holding that plaintiffs waived the right to rely on forum selection clause when they filed an action in a different forum); *see also Gallagher's NYC Steakhouse Franchising, Inc. v. 1020 15th St., Inc.,* Nos. 08-cv-01639-PAB-BNB, 08-cv-01896-PAB-BNB, 2009 WL 1796297, at *4 (D. Colo. June 23, 2009) (unpublished opinion) (holding that plaintiff waived the right to enforce Florida forum selection clause when it filed the case in Colorado); *cf. Vessels Oil & Gas Co.,* 764 P.2d at 392 (holding that merely filing an answer, commencing discovery, and engaging in settlement negotiations outside selected venue did not constitute waiver of forum selection clause). "Waiver may be express, or it may be implied when a party's actions manifest an intent to relinquish a right or privilege." *Venard v. Dep't of Corr.,* 72 P.3d 446, 450 (Colo. App. 2003). However, in establishing implied waiver by conduct, "the conduct itself should be free from ambiguity and clearly manifest the intention not to assert the benefit." *Dep't of Health v. Donahue,* 690 P.2d 243, 247 (Colo. 1984).

¶ 26 In *Vessels,* a division of this court considered whether a defendant had relinquished its right to enforce a forum selection clause by failing to raise the issue for three months after the

complaint was filed. During that period, the defendant filed its answer to the complaint, engaged in settlement negotiations, and served discovery requests on the plaintiff. *Vessels*, 764 P.2d at 392. In rejecting the plaintiff's waiver argument, the division noted that "filing an answer on the merits, or commencing discovery, without more, does not constitute a waiver as a matter of law." *Id.*

¶ 27 Here, the district court looked to *Vessels* to conclude that, while it was a "close case . . . the only substantive acts in the litigation actually initiated by" the Mewhinney defendants were their various motions to dismiss. The court also noted the Mewhinney defendants' "noncompliance with certain features of the Rules [of Civil Procedure]," their procedural motions practice, and their answers to the cross-claims filed by the St. J defendants, but the court ultimately concluded that "only the motions to dismiss potentially constitute sufficient engagement with this forum to support a finding of waiver."

¶ 28 Next, turning to the requirements for a finding of waiver — the intentional relinquishment of a known right and prejudice — the district court pointed out that the Mewhinney defendants had first raised the forum selection issue in the replies that they submitted

15

in support of their motions to dismiss, rather than in separate papers after briefing was closed. These circumstances, the court noted, "suggest[ed] not so much an intentional relinquishment of a known right by a party as it [did] an oversight by counsel in the early stages of the case." With respect to prejudice, the court found that the fee shifting provision of the contract, together with the possibility that "fees will be recoverable . . . in the Canadian courts, where fee-shifting is apparently the rule," were enough to overcome Avicanna's claim that it would be unfairly harmed if the forum selection clause were enforced.

¶ 29    We agree with the district court. To be sure, the Mewhinney defendants waited longer than the defendant in *Vessels* to raise the forum selection issue, but their level of engagement in the case — which is a more important factor in our view — was actually less. Importantly, the Mewhinney defendants never independently attempted to invoke the district court's jurisdiction by, for example, filing counterclaims against Avicanna, cross-claims against St. J, or impleading third parties who were not named in either complaint. Indeed, the only reason that the Mewhinney defendants filed *anything* in the district court was because Avicanna attempted to

unilaterally contravene the forum selection clause in the first place by filing suit in Colorado.

¶ 30    Given the Mewhinney defendants' limited substantive engagement in the case and the possibility of fee-shifting under the terms of the contract or pursuant to Canadian law, we conclude that the prejudice suffered by Avicanna is not sufficient to support a finding of waiver by the Mewhinney defendants. While counsel certainly should have been more attentive, we decline to hold that his tardiness in recognizing the issue was a clear manifestation of the Mewhinney defendants' intent to waive the choice of forum provision.

¶ 31    We are not persuaded otherwise by the fact that the Mewhinney defendants relied on Colorado law in their motions to dismiss. At the threshold, for many of the reasons that we have already discussed in the context of the forum selection clause, it is doubtful that either party could have unilaterally waived the choice of law provision. The contract reflects the parties' mutual agreement to apply Canadian law. And because nothing within the four corners of the contract suggests that provision was included

solely for the benefit of the Mewhinney defendants, it follows that the Mewhinney defendants could not unilaterally waive it.

¶ 32    In any event, nothing in the record suggests that the Mewhinney defendants' failure to assert defenses under Canadian law was intentional, rather than yet another oversight on the part of counsel.  Under the circumstances here, we decline to infer from counsel's initial reliance on Colorado law an intention on the part of the Mewhinney defendants to waive the choice of law provision of the parties' contract.

## IV.    Appellate Attorney Fees

¶ 33    The Mewhinney defendants request an award of attorney fees and costs pursuant to C.A.R. 38(b) and 39.1.  Although Avicanna did not succeed in this appeal, it advanced cogent and well-supported arguments.  *See Mission Denver Co. v. Pierson*, 674 P.2d 363, 365 (Colo. 1984) ("Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client's rights."); *see also Janicek v. Obsideo, LLC*, 271 P.3d 1133, 1140 (Colo. App. 2011) ("[A] claim is not frivolous 'if it is meritorious but merely unsuccessful[.]'" (quoting *Hamon Contractors, Inc. v.*

*Carter & Burgess, Inc.*, 229 P.3d 282, 299 (Colo. App. 2009))). We therefore decline to award appellate attorney fees.

## V. Conclusion

¶ 34    We affirm the district court's judgment and deny the Mewhinney defendants' request for attorney fees and costs.

JUDGE TAUBMAN and JUDGE HAWTHORNE concur.