**Robert Wayne MORRIS,
Plaintiff–Appellant,**

v.

**TOWERS FINANCIAL CORPORATION,
a Nevada Corporation, Defendant–
Appellee.**

**No. 92CA1361.**

Colorado Court of Appeals,
Div. I.

March 21, 1996.

Fischer Brown Huddleson & Gunn, P.C., Stephen J. Jouard, Fort Collins, for Plaintiff–Appellant.

Davis, Graham & Stubbs, Mark E. Saliman, John M. Roche, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Robert Wayne Morris, appeals the judgment dismissing his complaint against defendant, Towers Financial Corporation (Towers). We reverse and remand the cause for further proceedings.

Towers is an insurance company whose principal place of business is in New York. It employs personnel and conducts business in several states. Morris was hired as a sales representative of Towers on May 13, 1991, to work in Colorado.

As part of his employment application with Towers, Morris agreed to the following condition: "Any action or proceeding between the parties [Morris and Towers] shall be brought solely in a court of competent jurisdiction sitting in the County, City and State of New York." This "forum selection" clause was a standard term in Towers' employment contracts.

On July 28, 1991, Morris' employment with Towers was terminated. On November 27, 1991, he filed this wage claim action in the trial court, seeking to recover salary and commissions that Towers had allegedly failed to pay.

The trial court granted Towers' motion to dismiss the action without prejudice based on the forum selection clause. This appeal followed.

■ Morris contends that enforcement of the forum selection clause would contravene the strong public policy embodied in the Colorado Wage Claim Act. We agree.

■ A contract's forum selection clause should be held unenforceable if its enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Boyd v. Grand Trunk W.R. Co.,* 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949).

■ The Colorado Wage Claim Act provides a clear, comprehensive statutory scheme designed to require employers to pay wages earned by their employees in a timely manner. *Lambdin v. District Court,* 903 P.2d 1126 (Colo.1995).

Under § 8–4–123, C.R.S. (1986 Repl.Vol. 3B), an employee who is aggrieved by an employer's violation of the Wage Claim Act or regulations promulgated thereunder may file a civil action in "any court having jurisdiction over the parties...."

The plain language of the statute establishes that the General Assembly intended that a remedy be available for Colorado employees to recover past due wages by filing civil actions in the Colorado courts. This policy is implemented by § 8–4–125, C.R.S. (1986 Repl.Vol. 3B), which protects employees against contractual waiver or modification of the substantive and procedural rights established in the Wage Claim Act. *Lambdin v. District Court, supra.*

Section 8–4–125 provides that: "Any agreement, written or oral, by any employee purporting to waive or to modify his rights in violation of this article shall be void."

This section, by its plain language, voids any agreement that constitutes a waiver or modification of an employee's rights under the Wage Claim Act. Thus, in *Lambdin,* the court determined that § 8–4–125 prevented an employer from enforcing an agreement to arbitrate that conflicted with the rights established by the Wage Claim Act.

The *Lambdin* ruling, announced after the trial court's dismissal of plaintiff's claim, necessarily implies that the forum selection clause cannot be invoked to bar plaintiff from pursuing his claim in a Colorado court.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PLANK and TAUBMAN, JJ., concur.