**ADAMS RELOAD COMPANY, INC., a Colorado corporation, and Darrell Adams, individually, Plaintiffs–Appellants,**

v.

**INTERNATIONAL PROFIT ASSOCIATES, INC., an Illinois corporation, Defendant–Appellee.**

No. 04CA1253.

Colorado Court of Appeals, Div. I.

Nov. 17, 2005.

Rehearing Denied Jan. 26, 2006.

Certiorari Denied Oct. 2, 2006.

Steven L. Murray, Denver, Colorado, for Plaintiffs–Appellants.

Richard A. Winkel, Denver, Colorado; Lapin & Viorst, P.C., Anthony Viorst, Denver, Colorado, for Defendant–Appellee.

MARQUEZ, J.

Plaintiffs, Darrell Adams and 'Adams Reload Company, Inc., appeal the trial court's order granting the motion to dismiss of defendant, International Profit Associates, Inc. (IPA), based on a forum selection clause in the parties' contract. We affirm.

Darrell Adams is the president of Adams Reload, a business that redistributes commercial goods throughout the Denver metropolitan area. IPA is an Illinois-based company that provides consulting services.

Adams Reload and IPA entered into a contract for IPA to provide certain business consulting services to Adams Reload. As pertinent here, the two-page contract included a forum selection clause that provides, "It is agreed that exclusive jurisdiction and venue shall vest in the Nineteenth Judicial District of Lake County, Illinois, Illinois law applying."

Plaintiffs, contending that IPA made false representations concerning its business consulting services and that IPA failed to provide the consulting services under the contract, filed a lawsuit in Denver District Court, alleging the following claims: (1) breach of contract; (2) promissory estoppel; (3) negligence; (4) false representation; (5) breach of fiduciary duty; (6) negligent misrepresentation-concealment; (7) violation of the Colorado Consumer Protection Act (CCPA); (8) violation of the covenant of good faith and fair dealing; and (9) unjust enrichment.

The trial court granted IPA's motion to dismiss based upon the forum selection clause, finding that enforceability of the clause would not contravene a strong Colorado public policy and that enforcement was not unreasonable because plaintiffs had failed to show that they would be effectively deprived of access to the courts in Illinois or that unequal bargaining power existed between the parties during the contract negotiations.

## I.

Plaintiffs first contend that the trial court erred by granting IPA's motion to dismiss, despite the established Colorado public policy exception to the enforcement of contractual forum selection clauses. We disagree.

### A.

██ As an initial matter, the parties dispute the appropriate standard of review for assessing the trial court's ruling regarding the enforceability of a forum selection clause. Plaintiffs assert that the enforceability of forum selection provisions is a question of law, which is reviewed de novo. IPA contends that because each case is highly fact-specific, requiring the exercise of judgment on the part of the trial court, the abuse of discretion standard is more appropriate.

We have not discovered any Colorado decision explicitly stating the relevant standard of review. Other jurisdictions are divided as to whether a trial court's ruling on the enforceability of forum selection clauses is subject to de novo or abuse of discretion review. *See Titan Indem. Co. v. Hood,* 895 So.2d 138 (Miss.2004).

Because the principal issues here involve questions of law, we elect to utilize a de novo review. *See Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953 (10th Cir.1992)(enforceability of forum selection, choice of law, and arbitration provisions are questions of law that courts review de novo). We are also persuaded that de novo review is appropriate because decisions concerning the enforceability of forum selection clauses require interpretation of contract provisions and analysis of fairness and public policy, which are essentially legal determinations. *See Lipcon v. Underwriters at Lloyd's,* 148 F.3d 1285 (11th Cir.1998); *see also Bennett v. Appaloosa Horse Club,* 201 Ariz. 372, 35 P.3d 426 (2001); *ABC Mobile Sys., Inc. v. Harvey,* 701 P.2d 137 (Colo.App.1985)(hold-

ing in case addressing a forum selection clause that construction of a contract is a question of law).

## B.

■ As to the merits, plaintiffs assert that Colorado has an established public policy exception to the enforcement of contractual forum selection clauses and that this public policy exception precludes enforcement of the forum selection clause at issue. We disagree.

Plaintiffs contend that because they are seeking specific statutory relief under the CCPA, a statute reflecting a strong public policy of protecting consumers and persons injured by deceptive practices, enforcement of the forum selection clause would contravene Colorado's public policy. We recognize that there is a public policy exception to the enforcement of contractual forum selection clauses, but we disagree that this exception applies here.

In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the United States Supreme Court noted that persuasive public policy reasons exist for enforcing a forum selection clause in a contract freely entered into by the parties, as the clauses provide a degree of certainty to business contracts. *See also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir.1984) (principles announced in *M/S Bremen* are equally applicable in domestic context); *Clinic Masters, Inc. v. Dist. Court*, 192 Colo. 120, 556 P.2d 473 (1976)(parties may agree in advance of litigation to submit to a particular court's jurisdiction).

In *Morris v. Towers Financial Corp.*, 916 P.2d 678 (Colo.App.1996) (citing *M/S Bremen, supra* ), a division of this court held that a contract's forum selection clause should be held unenforceable if its enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision. In *Morris*, the division examined the wording of the former versions of § 8–4–110(2), C.R.S.2005, in the Colorado Wage Claim Act (CWCA), which provides that any employee

aggrieved under that act may file a civil action in "any court having jurisdiction over the parties," and § 8–4–121, C.R.S.2005, which provides: "Any agreement, written or oral, by any employee purporting to waive or modify such employee's rights in violation of this article shall be void." The division determined that the CWCA, "by its plain language, voids any agreement that constitutes a waiver or modification of an employee's rights" under the act. *Morris, supra,* 916 P.2d at 679.

Here, plaintiffs do not cite any equivalent wording in the CCPA, nor any public policy declared by judicial decision that would preclude the enforcement of the forum selection clause at hand. That the CCPA has a remedial purpose and is liberally construed does not amount to a public policy precluding enforcement of the forum selection clause.

Plaintiffs, however, assert that this action is proper because it complies with the CCPA's venue provision. This provision states,

> [A]ctions instituted pursuant to this article may be brought in the county where an alleged deceptive trade practice occurred or where any portion of a transaction involving an alleged deceptive trade practice occurred, or in the county where the principal place of business of any defendant is located, or in the county in which any defendant resides.

Section 6–1–103, C.R.S.2005.

This section bears some similarity to the former version of § 8–4–110(2). Nevertheless, this provision does not alone demonstrate a public policy precluding enforcement of the forum selection clause, and the CCPA does not prohibit agreements waiving or modifying its terms, as does § 8–4–121, relied on by the division in *Morris, supra.*

We conclude that the trial court did not err in finding that the Colorado public policy exception did not prevent enforcement of the forum selection clause. In so concluding, we also reject plaintiffs' contention that the trial court applied the public policy exception contrary to Colorado substantive law.

## II.

Plaintiffs also contend for the first time on appeal that the trial court erred in granting IPA's motion to dismiss, denying them Colorado's constitutional right of access to Colorado courts to enforce a specific substantive right under Colorado law. We decline to consider this issue. Arguments not presented to or ruled on by the trial court cannot be raised for the first time on appeal. *Crum v. April Corp.,* 62 P.3d 1039 (Colo.App. 2002). The fact that the nonpreserved issue involves a constitutional question does not change this result. *Moses v. Diocese of Colo.,* 863 P.2d 310, 319 n. 10 (Colo.1993).

## III.

Plaintiffs next contend that the trial court erred in granting IPA's motion to dismiss because the forum selection clause is unfair, unreasonable, and overreaching. We disagree.

### A.

Plaintiffs submit that enforcement of the clause would be unreasonable because all the events surrounding the formation and execution of the contract occurred in Colorado and that Adams "would suffer severe personal ... financial and business hardship by having to participate in litigation in Illinois." We are not persuaded.

A division of this court followed the rule stated in Restatement (Second) of Conflict of Laws § 80 (1971): "The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable." *ABC Mobile Sys., Inc. v. Harvey, supra,* 701 P.2d at 139. The burden of proving that a forum selection clause is unfair or unreasonable is on the party seeking to avoid its effect. Mere inconvenience or additional expense is not the test of unreasonableness. *ABC Mobile Sys., Inc. v. Harvey, supra.* The division in *ABC Mobile Systems* quoted with approval the following from *M/S Bremen, supra,* 407 U.S. at 18, 92 S.Ct. at 1917:

It should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain.

*ABC Mobile Sys., Inc. v. Harvey, supra,* 701 P.2d at 139.

The Tenth Circuit has cited *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), for the statement that only a showing of inconvenience so serious as to foreclose a remedy, perhaps coupled with a showing of bad faith, overreaching, or lack of notice, would be sufficient to defeat a contract forum selection clause. *Riley v. Kingsley Underwriting Agencies, Ltd., supra.* The following factors have been considered in deciding the reasonableness of enforcing a forum selection clause: the nature of the contract and the location of the activities giving rise to the claim. *See Riley v. Kingsley Underwriting Agencies, Ltd., supra.*

Here, while all the events surrounding the formation and execution of the contract occurred in Colorado, that circumstance alone does not make enforcement of the clause unreasonable. *See, e.g., Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., supra* (location of evidence, witnesses, and activities in another jurisdiction, without more, does not render forum selection clause unreasonable); *Hoffman v. Burroughs Corp.,* 571 F.Supp. 545 (N.D.Tex.1982)(forum selection clause not unreasonable where despite plaintiffs' claim that it would be burdensome to litigate in out-of-state forum, many of defendant's employees and witnesses were located there); *Alpha Sys. Integration, Inc. v. Silicon Graphics, Inc.,* 646 N.W.2d 904 (Minn.Ct.App.2002)(stating that location and convenience of witnesses are generally not considered a serious inconvenience; travel expense does not necessarily render a location inconvenient).

The case here involves a commercial contract between a Colorado corporation and an Illinois corporation. Selection of Illinois as a forum can be construed as a reasonable ef-

fort to bring certainty to the transaction; whatever inconvenience plaintiffs would suffer by being forced to litigate in Illinois was reasonably foreseeable at the time of contracting. In short, plaintiffs have not shown that litigating in Illinois will be so inconvenient as to deprive them of their day in court.

## B.

◼ We also disagree with plaintiffs' assertion that the forum selection clause is unenforceable because it was a "boilerplate" provision that was the result of unequal bargaining power, and that there was no evidence that the forum selection clause was a vital part of the agreement.

We first note that simply because the clause was part of the "boilerplate" of the contract does not make it invalid. *See Lambert v. Kysar,* 983 F.2d 1110 (1st Cir.1993). Here, the clause in question was in standard size font in an easily readable contract consisting of only two pages. Darrell Adams points out no evidence that he is unsophisticated. To the contrary, he acknowledges that he has operated Adams Reload for twenty years. Nor does the record indicate that he was unaware of the clause or objected to it.

We also note that while IPA drafted the agreement, it includes a hand-written amendment that inured to the benefit of plaintiffs. This amendment supports an inference that the agreement arose from an arm's length transaction between persons having business experience and negates plaintiffs' assertion of overreaching. *See Hoffman v. Burroughs Corp., supra* (enforcing clause where plaintiffs were sophisticated businessmen and forum contract was only two pages in length); *Clinic Masters, Inc. v. Dist. Court, supra* (rejecting arguments that choice of forum clause in contract between Colorado plaintiff and Florida defendant was contract of adhesion and unconscionable, noting, inter alia, that defendant was an educated professional man with business experience and was advised of all terms of the contract before entering into it); *cf. Eads v. Woodmen of World Life Ins. Soc'y,* 785 P.2d 328 (Okla.Ct.App.1989)(forum selection clause unreasonable where contract was product of unequal bargaining power and employee was given no meaningful choice).

Under these circumstances, we conclude that plaintiffs have not sustained their burden of proving that the forum selection clause is unfair or unreasonable and should not be enforced.

## IV.

◼ Finally, plaintiffs contend that the trial court erred in granting IPA's motion to dismiss because the policy of judicial economy supports adjudicating all of plaintiffs' claims in a single judicial forum and proceeding in the State of Colorado. More specifically, plaintiffs assert that because only two of their nine claims relate to the IPA contract, the contractual forum selection clause should not preclude them from litigating all their claims in Colorado. While we agree that judicial economy supports all claims being litigated in one action if possible, we interpret the forum selection clause as applying to all of plaintiffs' claims.

Other courts that have considered similar contentions have held that noncontract claims that involve the same operative facts as a parallel breach of contract claim fall within the scope of a forum selection clause. *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688 (8th Cir.1997); *Forrest v. Verizon Commc'ns, Inc.,* 805 A.2d 1007 (D.C.App. 2002). Because all of plaintiffs' claims here involve the same operative facts as the breach of contract claim, we conclude that the claims come within the purview of the forum selection clause.

Order affirmed.

WEBB and METZGER *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and