**MATHERS FAMILY TRUST;** William H. Mathers; Myra M. Mathers; Thomas E. Carpenter Trust; Margaret M. Carpenter Trust; Robert Hall; and Gianpaolo Callioni, Plaintiffs–Appellants,

v.

Charles Reed **CAGLE;** Joseph D. Kinlaw; Heartland Energy of Colorado, LLC; Steve Ziemke; Brandon Davis; John Schiffner; Joel Held; Martin Harper; HEI Resources, Inc., f/k/a Heartland Energy, Inc.; Heartland Energy Development Corp.; Reed Petroleum, LLC; D. Deerman, Ltd.; and R & J Associates, Inc., Defendants–Appellees.

No. 10CA0093.

Colorado Court of Appeals, Div. III.

May 12, 2011.

As Modified on Denial of Rehearing June 16, 2011.

**944**

Pryor Johnson Carney Karr Nixon, P.C., Irving G. Johnson, John R. Paddock, Jr., Elizabeth C. Moran, Marta M. Jucha, Greenwood Village, Colorado, for Plaintiffs–Appellants.

Shoemaker Ghiselli + Schwartz LLC, Andrew R. Shoemaker, Paul H. Schwartz, Boulder, Colorado, for Defendants–Appellees Charles Reed Cagle, Heartland Energy of Colorado, LLC, HEI Resources, Inc., Reed Petroleum, LLC, and R & J Associates, Inc.

Robinson Waters & O'Dorisio, P.C., Otto K. Hilbert, II, Stephen L. Waters, Kimberly A. Bruetsch, Denver, Colorado, for Defendants–Appellees Joseph D. Kinlaw, John Schiffner, Heartland Energy Development Corp., and D. Deerman, Ltd.

Hogan Lovells US LLP, Jeffrey George, Colorado Springs, Colorado, for Defendant–Appellee Steve Ziemke.

The Tenenbaum Law Firm, A. Thomas Tenenbaum, Lone Tree, Colorado, for Defendant–Appellee Brandon Davis.

Davis Graham & Stubbs LLP, Thomas P. Johnson, Lydia Floyd, Terry R. Miller, Denver, Colorado, for Defendant–Appellee Joel Held.

Ireland Stapleton Pryor & Pascoe, PC, Mark E. Haynes, Denver, Colorado, for Defendant–Appellee Martin Harper.

Kamlet Reichert, LLP, E. Lee Reichert, Michelle E. Cormier, Denver, Colorado, for Amicus Curiae North American Securities Administrators Association, Inc.

Opinion by Justice ROVIRA.*

Plaintiffs, purchasers of investments sold by a Colorado company, appeal the dismissal of their claims against defendants, that company and others involved in the investments, based on the forum selection clauses in the parties' agreements requiring litigation in Texas. We reverse and remand.

## I. Background

Plaintiffs are out-of-state investors who purchased joint venture interests sold by defendant HEI Resources, Inc., a Colorado corporation formerly known as Heartland Energy, Inc. and headquartered in Colorado Springs. Defendants Martin Harper and Joel Held were the accountant and attorney for each of the joint ventures in which plaintiffs invested, and the other defendants are persons or entities closely related to HEI.

HEI contacted plaintiffs by phone to solicit their purchase of joint venture interests in numerous oil and gas ventures for wells and pipelines in Alabama, Mississippi, and Texas. Plaintiffs invested in the ventures by making payments to HEI and by signing Application Agreements and Joint Venture Agreements.

The Application Agreements contain the following forum selection clause:

> Applicable Law. This Agreement will be construed according to the laws of the State of Texas, and is performable in the City of Dallas, Dallas County, Texas. The Courts located in the State of Texas, state or federal, shall have exclusive jurisdiction to hear and determine all claims, disputes, controversies and actions arising from or relating to this Application Agreement and any of its terms or provisions, or to any relationship between the parties hereto, and venue shall be solely in the courts located in Dallas County, Texas. The undersigned expressly consents and submits to the jurisdiction of said courts and to venue being in Dallas County, Texas.

§ 24–51–1105, C.R.S.2010.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

The Joint Venture Agreements contain a similar forum selection clause:

Applicable Law. This Agreement and the application or interpretation hereof shall exclusively be governed by and construed in accordance with the laws of the State of Texas. This Agreement shall be deemed to be performable in and venue shall be mandatory in Dallas County, Texas. The Managing Venturer and each Venturer hereby expressly consents and submits to the jurisdiction of said courts and to venue being in Dallas County, Texas.

After losing substantial sums of money on the ventures, plaintiffs filed suit in Colorado. In their second amended complaint, plaintiffs asserted nineteen claims against all defendants except Harper and Held. These included claims based on violations of the Colorado Securities Act (CSA), §§ 11–51–101 to –908, C.R.S.2010, the Vermont Securities Act, the Illinois Securities Law, and the California Corporate Securities Law, as well as claims for tender and remedy, accounting, fraud, nondisclosure or concealment, breach of fiduciary duty, civil theft, and common law negligence. Plaintiffs also asserted claims against Harper and Held for negligent misrepresentation.

All defendants moved for dismissal pursuant to the forum selection clauses and requested attorney fees and costs. As relevant here, plaintiffs responded that the forum selection clauses were unenforceable in light of the anti-waiver provision of the CSA, § 11–51–604(11), C.R.S.2010.

The district court dismissed all of plaintiffs' claims based on the forum selection clauses. The court stated the appropriate standard of review for motions to dismiss, that is, it would accept as true all facts alleged in the complaint and view the allegations in the light most favorable to plaintiffs. It concluded that the forum selection clauses were enforceable because plaintiffs failed to show by a preponderance of the evidence that the clauses were unfair, unreasonable, fraudulently induced, or against public policy. It also concluded that all the claims arose from the same operative facts and therefore dismissed plaintiffs' claims. In addition, the court concluded that attorney fees and costs were appropriate pursuant to section 13–17–102(2), C.R.S.2010, and C.R. C.P. 12(b) be-

cause plaintiffs lacked substantial justification to bring their claims in Colorado.

Plaintiffs filed a C.R.C.P. 59 motion to amend the findings and judgment, which the court granted in part by vacating the award of attorney fees and costs. The court noted that whether the anti-waiver provision of the CSA trumps a forum selection clause was an issue of first impression and found that plaintiffs were attempting in good faith to establish a new theory of law in Colorado. *See* § 13–17–102(7), C.R.S.2010. In all other respects, the court upheld the dismissal order. This appeal followed.

## II. Issues on Appeal

Plaintiffs argue that the forum selection clauses are void and the district court erred in ruling that the forum selection clauses (1) are not voided by the anti-waiver provision of the CSA, § 11–51–604(11), (2) are reasonable, (3) apply to all the claims against HEI and the other defendants, and (4) are enforceable against plaintiffs William H. and Myra M. Mathers, even though they were alleged to be suffering from diminished capacity when they signed the agreements. We agree with the first argument and do not address the others.

## A. Standard of Review

We review de novo a trial court's ruling on a motion to dismiss. *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 122–23 (Colo.1992) ("The same standards for determining a motion to dismiss apply to both the trial court and the appellate court."). In determining a motion to dismiss a complaint, a court must accept all averments of material fact contained in the complaint as true, and a complaint is sufficient to withstand a motion to dismiss if the plaintiff states a claim that would entitle him or her to relief. *Id.; see* C.R.C.P. 12(b)(5). A complaint should not be dismissed so long as the pleader is entitled to some relief upon any theory of the law. *See Rosenthal v. Dean Witter Reynolds, Inc.*, 908 P.2d 1095, 1100 (Colo.1995).

■ We also review de novo the enforceability of forum selection clauses. *See Adams Reload Co. v. Int'l Profit Associates,*

*Inc.,* 143 P.3d 1056, 1058 (Colo.App.2005) ("[D]e novo review is appropriate because decisions concerning the enforceability of forum selection clauses require interpretation of contract provisions and analysis of fairness and public policy, which are essentially legal determinations.").

No Colorado Supreme Court case states a procedure for reviewing a motion to dismiss based on a forum selection clause; however, in *Edge Telecom, Inc. v. Sterling Bank,* 143 P.3d 1155, 1159 (Colo.App.2006), another division of this court described an appropriate procedure:

- The trial court must address the motion at the outset of the proceedings.
- Once the party moving to dismiss has demonstrated the existence of a forum selection clause, the trial court must require any party opposing the motion not merely to allege, but to demonstrate by a preponderance of the evidence that the clause is unfair or unreasonable or was fraudulently induced.
- The trial court is free, if it deems it necessary, to hold an evidentiary hearing and make requisite factual findings.
- When appropriate, the court may apply the doctrine of waiver.

Following this procedure, the district court determined that the forum selection clauses were enforceable here.

### B. Analysis

Plaintiffs contend that the forum selection clauses are void because they conflict with the public policy behind the CSA and its anti-waiver provision. We agree.

The express purposes of the CSA are

to protect investors and maintain public confidence in securities markets while avoiding unreasonable burdens on participants in capital markets. [The CSA] is remedial in nature and is to be broadly construed to effectuate its purposes.

§ 11–51–101(2), C.R.S.2010. In addition, the CSA contains the following anti-waiver provision:

Any condition, stipulation, or provision binding any person acquiring or disposing of any security to waive compliance with any provision of this article or any rule or order under this article is void.

§ 11–51–604(11).

Defendants correctly point out that no provision of the CSA prohibits bringing CSA claims outside of Colorado; however, there is a real possibility defendants could use the Texas forum to evade compliance with the CSA, despite the anti-waiver provision. According to the choice of law clause intertwined with the forum selection clause in the Joint Venture Agreements, the agreements are to be construed exclusively in accordance with the laws of Texas.[1] *See Haynsworth v. The Corporation,* 121 F.3d 956, 967 (5th Cir. 1997) ("Choice of law is often one of the reasons for obtaining a forum selection clause."). Although defendants concede for the purposes of this appeal that the CSA applies to plaintiffs' claims, they also contend that the ventures are not securities subject to the CSA, and a Texas court construing the agreements in accordance with the laws of Texas might agree, thereby depriving plaintiffs of the opportunity to litigate their CSA claims. In contrast, Colorado recognizes general partnerships structured and marketed in a manner similar to these ventures as securities. *See Feigin v. Digital Interactive Associates, Inc.,* 987 P.2d 876 (Colo.App. 1999). The fact that plaintiffs assert claims under other states' securities laws does not change our analysis. Our main concern is ensuring that plaintiffs have a forum in which to pursue their CSA claims.

#### 1. Colorado Precedent

*Lambdin v. District Court,* 903 P.2d 1126 (Colo.1995), and *Morris v. Towers Financial Corp.,* 916 P.2d 678 (Colo.App.1996), support the result we reach here. Both cases involve claims based on the Colorado Wage Claim Act (CWCA), §§ 8–4–101 to –123, C.R.S. 2010, which contains a similar anti-waiver provision, § 8–4–121, C.R.S.2010, but, unlike the CSA, the CWCA expressly provides em-

---

1. We recognize that the validity and enforceability of the choice of law provision has ramifications on the validity and enforceability of the forum selection provision. However, the validity of the choice of law provision is not before us.

ployees the right to enforce its provisions "in any court having jurisdiction over the parties." § 8–4–110(2), C.R.S.2010 (identical to former section 8–4–123 as it existed when *Lambdin* and *Morris* were decided). In *Lambdin,* the court determined that "[t]he plain language of the statute establishes that the General Assembly intended Colorado employees to be able to recover past due wages by filing a civil action in the Colorado courts." 903 P.2d at 1130. The *Lambdin* court therefore held that an employee could not be forced to arbitrate a CWCA claim. The *Morris* decision concludes, based on similar reasoning, that an employee could not be forced to bring a CWCA claim in an out-of-state forum.

The rationale underlying *Lambdin* and *Morris* reinforces our decision because, in our view, just as the anti-waiver provision of the CWCA protects employees against contractual waiver or modification of their substantive and procedural rights, the CSA's anti-waiver provision protects investors against the possibility that a different forum might not enforce their rights. *See Lambdin,* 903 P.2d at 1130. Thus, agreements that would prevent enforcing the CSA in Colorado courts are void.

Likewise, in *Ingold v. AIMCO/Bluffs, L.L.C. Apartments,* 159 P.3d 116 (Colo.2007), the Colorado Supreme Court held that the anti-waiver provision of the Wrongful Withholding of Security Deposits Act, §§ 38–12–101 to –104, C.R.S.2010, protects a tenant from being compelled to arbitrate a claim under that act. *Id.* at 122. Because provisions of the act prescribe when a tenant may file "legal proceedings" against a landlord and provide that "in any court action brought by a tenant under this section" the landlord bears the burden of proof, *see* § 38–12–103(3)(a)–(b), C.R.S.2010, the court concluded that the statute entitles tenants "to pursue a claim for the wrongful withholding of a security deposit in a civil action filed *in court.*" 159 P.3d at 123 (emphasis added). Without specifying that the forum had to be in Colorado, the supreme court allowed the tenants to bring their claims in a Colorado court.

▆ We conclude that in order for the anti-waiver provision of the CSA to adequately protect investors' rights under the act, when those rights may not be enforce-

able in a different jurisdiction, investors must be permitted to bring their claims in Colorado. *Cf. Ingold,* 159 P.3d at 122 (trial court correctly compelled plaintiffs to arbitrate claim based on the Colorado Consumer Protection Act, §§ 6–1–101 to –1121, C.R.S.2010, which does not contain an all-inclusive anti-waiver provision); *Adams Reload,* 143 P.3d at 1059 (noting that the Colorado Consumer Protection Act does not prohibit agreements waiving or modifying its terms as does the CWCA). Because of our resolution of the issue as to forum selection clauses, we need not address the enforceability of the choice of law provisions.

### 2. Out–of–State Precedent

Other courts interpreting state law have declined to enforce forum selection clauses after first concluding that choice of law clauses violate the public policy of the state. These decisions support our conclusion that the forum selection clauses here are not enforceable. *See Hall v. Superior Court,* 150 Cal.App.3d 411, 418, 197 Cal.Rptr. 757, 763 (1983); *Beilfuss v. Huffy Corp.,* 274 Wis.2d 500, 685 N.W.2d 373, 377 (Wis.Ct.App.2004) ("[T]he validity of the choice of law provision is a precondition to determining the enforceability of the forum selection provision."); *see also Calanca v. D & S Mfg. Co.,* 157 Ill. App.3d 85, 88–89, 109 Ill.Dec. 400, 510 N.E.2d 21, 23–24 (1987) (applying a six-factor test to determine the enforceability of a forum selection clause, the first being the governing law of the contract).

### 3. Federal Precedent

Defendants cite authority from federal courts applying federal securities law and concluding that forum selection and choice of law clauses are enforceable. *See Haynsworth,* 121 F.3d at 960 (listing cases from five other circuits); *see also Richards v. Lloyd's of London,* 135 F.3d 1289, 1294 (9th Cir.1998) (following *Haynsworth*). This line of authority begins with *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), where the Court held that a forum selection clause in an international agreement "should control absent a strong showing that it should be set aside."

The Court also held, however, that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.*

The *Haynsworth* line of cases merely stands for the proposition that in interpreting international contracts, concerns about comity as well as mitigating uncertainty regarding choice of law and forum selection support enforcement of forum selection clauses unless an American plaintiff is able to show that the remedies available in a foreign forum are inadequate. *Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1364–65 (2d Cir. 1993); *Bonny v. Society of Lloyd's,* 3 F.3d 156, 161 (7th Cir.1993). Thus, a party cannot circumvent a forum selection clause simply by asserting the unavailability of remedies in a United States court. *Haynsworth,* 121 F.3d at 967 (citing *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 517–19, 94 S.Ct. 2449, 2456–57, 41 L.Ed.2d 270 (1974)). This is so even though both the Securities Act of 1933 and the Securities Exchange Act of 1934 contain anti-waiver provisions substantially identical to section 11–51–604(11). *See* 15 U.S.C. §§ 77n & 78cc(a).

Following this reasoning, federal courts have enforced forum selection clauses where plaintiffs have asserted claims under both federal and state law. *See, e.g., Haynsworth,* 121 F.3d at 969; *Shell v. R.W. Sturge, Ltd.,* 55 F.3d 1227, 1231–32 (6th Cir.1995); *see also Huffington v. T.C. Group, LLC,* 685 F.Supp.2d 239, 243 (D.Mass.2010), *aff'd,* 637 F.3d 18 (1st Cir.2011). Notably, the cases listed in *Haynsworth* all involved American plaintiffs trying to force English defendants to litigate in United States courts.

We find this federal precedent unpersuasive in the context of the strong public policy embodied in the CSA. *See Rosenthal,* 908 P.2d at 1100 ("When construing a Colorado securities statute, we employ fundamental principles of statutory construction before resorting to case law regarding similar federal law."). The investment agreements here are not international in scope, and thus concerns about international comity are inapplicable. *Cf. Allen v. Lloyd's of London,* 94 F.3d 923, 930 (4th Cir.1996); *Luce v. Edelstein,* 802 F.2d 49, 57 n. 6 (2d Cir.1986) (concluding that the reasoning of *The Bremen* and *Scherk* is equally applicable to domestic suits).

Further, defendants do not contest plaintiffs' assertion that the Texas Securities Act applies only to sales of securities within that state. *See Rio Grande Oil Co. v. State,* 539 S.W.2d 917, 921–22 (Tex.Civ.App.1976) ("[T]he Texas Securities Act applies if any act in the selling process of securities covered by the Act occurs in Texas."). Because the agreements here were not made in Texas, the remedy, if any, available under the securities laws of Texas would be inadequate. *Cf. Huffington,* 685 F.Supp.2d at 243 (finding no reason that an out-of-state court cannot enforce Massachusetts' strong public policy of protecting investors from misrepresentations in the sale of securities).

Moreover, unlike in the *Haynsworth* line of cases, here plaintiffs are not seeking to force defendants to litigate in a forum that is clearly inconvenient for them. Rather, plaintiffs have sued in the state where defendants conduct their business operations. According to the complaint, all the defendants except for Held reside or have their principal place of business in Colorado, and the call centers defendants used to solicit investors are located in Colorado. Under these circumstances, Colorado's nexus to the agreements cannot be characterized as "incidental and tangential." *Allen,* 94 F.3d at 929.

Though we are mindful that the provisions of the CSA "shall be coordinated with [federal securities law] ... to the extent coordination is consistent with both the purposes and the provisions of" the CSA, § 11–51–101(3), C.R.S.2010, the purposes of the CSA may in certain circumstances be broader than those of federal securities law. *See Joseph v. Viatica Management, LLC,* 55 P.3d 264, 267 (Colo.App.2002) (stating that the CSA is to be interpreted broadly in light of its prophylactic and remedial purposes); *see also Shinn v. Thrust IV, Inc.,* 56 Wash.App. 827, 786 P.2d 285, 298 (1990) (noting that even though state securities laws should be harmonized with parallel federal laws when possible, significant differences exist between the purposes of federal and state securities laws).

Emphasizing that the Supreme Court has called an arbitration clause "a specialized kind of forum-selection clause," *Scherk,* 417 U.S. at 519, 94 S.Ct. 2449, defendants cite cases where courts have enforced arbitration clauses to support their position. However, in concluding that agreements to arbitrate do not violate anti-waiver provisions, federal courts have relied, at least in part, on the federal policy favoring arbitration. *See, e.g., Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 480, 109 S.Ct. 1917, 1920, 104 L.Ed.2d 526 (1989). The Federal Arbitration Act, 9 U.S.C. §§ 1–14 & 201–208, "mandates enforcement of agreements to arbitrate statutory claims," thereby creating a burden on the party opposing arbitration to show that an exception to the Act applies. *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226–27, 107 S.Ct. 2332, 2337–38, 96 L.Ed.2d 185 (1987). However, no analogous statute, in federal or Colorado law, mandates enforcement of forum selection clauses. Nor is this a case where state law must give way to a federal statute. *See Sager v. District Court,* 698 P.2d 250, 255 (Colo.1985) (anti-waiver provision in a state securities law must give way to public policy underlying the Federal Arbitration Act).

Defendants' citation to *Barton v. Key Gas Corp.,* No. 05-CV01856, 2006 WL 2781592 (D.Colo. Sept. 26, 2006) (unpublished order granting motion to dismiss), is also unavailing. In *Barton,* the court enforced a forum selection clause and required the plaintiffs to bring their CSA claims in Kansas by granting a motion to transfer under 28 U.S.C. § 1404(a). We are not persuaded to follow this case for two reasons. First, section 1404(a) permits a district court to transfer a case based on a number of case-specific factors, including the presence of a forum selection clause. *See Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). There is no analogous provision in Colorado law, however, and a motion to dismiss in Colorado therefore requires a different analysis. Second, the *Barton* court did not discuss Colorado's public policy to enforce the CSA, and it did not address the anti-waiver provision. Thus, to the extent that *Barton* suggests that CSA claims can be brought and prosecuted efficaciously in out-of-state courts, we decline to follow it.

Therefore, we decline to enforce the forum selection clauses and reverse the district court's order dismissing plaintiffs' claims.

### III. Alternative Grounds to Affirm Asserted by Harper and Held

Defendants Harper and Held contend that we should affirm the trial court's ruling with respect to the enforceability of the forum selection clauses on alternative grounds.

Although a reviewing court may affirm on grounds different from those relied upon by the trial court, we reject the alternative presented here. *See Western Colorado Congress v. Umetco Minerals Corp.,* 919 P.2d 887, 892 (Colo.App.1996).

Harper, allegedly the lead accountant for the ventures, contends that he may enforce the forum selection clause even though he was not an actual signatory of the joint venture agreements. However, because we have concluded that the forum selection clauses are not enforceable with respect to CSA claims, it follows that they may not be enforced with regard to the negligent misrepresentation claim.

Harper also contends that the dismissal of the claims against him may also be affirmed on the alternative ground that plaintiffs did not plead allegations of fraud with particularity and failed to state a claim. We disagree.

Held, the attorney who assisted the other defendants in promoting the joint ventures, contends that the claim for negligent misrepresentation against him is subject to the enforceable forum selection clauses. However, as with the similar argument made by Harper, we conclude that Held may not enforce the forum selection clauses with respect to the negligent misrepresentation claim against him.

Accordingly, we reject the alternative grounds for affirmance set forth by Harper and Held. In its ruling, the trial court stated that only if the motion to dismiss based on the forum selection clause is denied would it consider the alternative motions to dismiss.

### IV. Conclusion

Because we reverse the order dismissing plaintiffs' claims based on the forum selection clauses, we need not reach plaintiffs' other contentions about the reasonableness and scope of the forum selection clauses. Nor do we reach plaintiffs' diminished capacity arguments regarding the Mathers plaintiffs.

The order is reversed, and the case is remanded for further proceedings in accordance with this opinion.

Judge TAUBMAN and Judge ROY concur.