No. 118,687

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KANSAS CITY GRILL CLEANERS, LLC,
*Appellant*,

v.

THE BBQ CLEANER, LLC, and
JEFFREY KRENTZMAN,
*Appellees*.

SYLLABUS BY THE COURT

1.

The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect.

2.

Kansas appellate courts exercise unlimited review over the interpretation and legal effect of a forum-selection clause.

3.

A forum-selection clause is generally valid and enforceable. However, the clause is unenforceable if the party resisting it shows that enforcement would be unreasonable under the circumstances.

4.

A forum-selection clause is unreasonable if: (1) it was induced by fraud or duress; (2) there is no reasonable relationship between the selected forum and the complained of

1

transaction; (3) the contractually selected forum is so unfair and inconvenient that it, for all practical purposes, deprives the plaintiff of a remedy or of its day in court; or (4) enforcement would contravene a strong public policy of the state where the action has otherwise been properly filed.

5.

The Kansas Consumer Protection Act's venue statute, K.S.A. 50-638(b), provides: "*Venue*. Every action pursuant to this act shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the nonresident defendant can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act."

6.

The Kansas Consumer Protection Act's waiver or forbearance statute, K.S.A. 50-625(a), provides: "Except as otherwise provided in this act, a consumer may not waive or agree to forego rights or benefits under this act." This provision applies unless a settlement is reached that is not unconscionable. K.S.A. 50-625(c).

7.

To the extent that a contractual provision waives a consumer's right or benefit provided by the Kansas Consumer Protection Act, K.S.A. 50-625(a) prevents the operation of that contractual provision.

8.

Under K.S.A. 50-623(b), the Kansas Consumer Protection Act shall be construed liberally to promote the policy of protecting consumers from suppliers who commit deceptive and unconscionable practices.

9.

Under the facts of this case, the forum-selection clause of the purchase agreement is unenforceable because it contravenes the strong public policy of our state "to protect consumers from suppliers who commit deceptive and unconscionable practices," K.S.A. 50-623(b). In particular, the forum-selection clause runs counter to the Kansas Consumer Protection Act venue statute as set forth in K.S.A. 50-638(b) and the nonwaiver or agreement "to forego rights or benefits" provision as set forth in K.S.A. 50-625(a).

Appeal from Johnson District Court; DANIEL W. VOKINS, magistrate judge. Opinion filed December 13, 2019. Reversed and remanded with directions.

*Steven H. Mustoe* and *Oliver P. Maguire*, of Evans & Dixon, LLC, of Overland Park, for appellant.

*John B. Gariglietti* and *James F.B. Daniels*, of McDowell, Rice, Smith & Buchanan, of Kansas City, Missouri, for appellees.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

BUSER, J.: Kansas City Grill Cleaners, LLC (KC Grill) entered into a contract with The BBQ Cleaner, LLC (BBQ Cleaner) for the purchase of outdoor grill cleaning equipment and supplies. The contract included a forum-selection clause and choice-of-law provision, which provided that the venue for any litigation arising from the contract was only proper in Bergen County, New Jersey, and that the contract shall be construed and enforced in accordance with the laws of New Jersey.

3

After a dispute over the contract, KC Grill filed a petition in Johnson County District Court, alleging BBQ Cleaner and its agent, Jeffrey Krentzman (collectively BBQ Cleaner), violated the Kansas Consumer Protection Act (KCPA) by engaging in a deceptive trade practice. BBQ Cleaner filed a motion to dismiss based on the forum-selection clause. The district court dismissed the case. KC Grill appeals the district court's dismissal of its petition against BBQ Cleaner.

Upon our review, we agree with KC Grill and hold that, under the facts and circumstances of this case, the forum-selection clause is unenforceable. This contractual provision contravenes the strong public policy of our state "to protect consumers from suppliers who commit deceptive and unconscionable practices" as generally provided in K.S.A. 50-623(b). In particular, the forum-selection clause runs counter to the KCPA venue statute as set forth in K.S.A. 50-638(b) and the nonwaiver or agreement "to forego rights or benefits" provision as set forth in K.S.A. 50-625(a). Accordingly, we reverse the district court and remand the case with directions to reinstate KC Grill's petition and for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

BBQ Cleaner is a New Jersey company that sells barbeque equipment and cleaning instructions for use in cleaning outdoor barbeque grills. In December 2015, KC Grill, a Kansas business, purchased more than $25,000 in outdoor grill cleaning equipment and supplies from BBQ Cleaner. The purchase agreement was subject to choice-of-law and forum-selection provisions which provided:

> "This Agreement shall be construed and enforced in accordance with the laws of the State of New Jersey. Venue for any litigation arising out of this agreement shall be proper only in Bergen County, New Jersey. The parties hereby irrevocably consent to the personal jurisdiction of the state and federal courts situated in Bergen County, New Jersey."

4

On August 19, 2016, KC Grill filed a petition against BBQ Cleaner asserting a deceptive trade practice claim under the KCPA. The petition alleged that BBQ Cleaner induced KC Grill to enter into the purchase agreement by misrepresenting or omitting material facts regarding its negotiations to sell similar outdoor grill cleaning equipment and supplies to KC Grill's competitors in Johnson County. KC Grill requested $25,000 in damages and any applicable fees and costs. Relying on the forum-selection clause in the contract, BBQ Cleaner filed a motion to dismiss the lawsuit.

The district court granted BBQ Cleaner's motion and dismissed KC Grill's petition with prejudice. The district court ruled that based on the forum-selection clause in the contract, any litigation arising out of the parties' agreement must be filed in Bergen County, New Jersey. KC Grill appeals.

## ANALYSIS

KC Grill contends the district court erred by dismissing its petition that asserted the KCPA claim against BBQ Cleaner. It argues that the forum-selection clause is unenforceable with regard to the KCPA claim and that K.S.A. 50-638(b) provides that the Johnson County District Court is the proper venue. KC Grill also asserts that K.S.A. 50-625(a) prevents a party from waiving or agreeing to forego the rights or benefits of the KCPA venue statute. We consider only the narrow issue the parties have presented—the legal efficacy of the forum-selection clause in the contract.

We begin with a summary of our standards of review.

> "The interpretation and legal effect of written instruments are matters of law, and an appellate court exercises unlimited review. Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect." *Aylward v. Dar Ran Furniture Industries, Inc.*, 32 Kan. App. 2d 697, Syl. ¶ 1, 87 P.3d 341 (2004).

5

While venue decisions are ordinarily reviewed for an abuse of discretion, we exercise unlimited review over the interpretation and legal effect of a forum-selection clause. *AkesoGenX Corp. v. Zavala*, 55 Kan. App. 2d 22, 31, 407 P.3d 246 (2017), *rev. denied* 308 Kan. 1593 (2018). Similarly, this issue involves statutory interpretation which is a question of law subject to our unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

A forum-selection clause is generally valid and enforceable. However, the clause is unenforceable if the party resisting it shows that enforcement would be unreasonable under the circumstances. *AkesoGenX Corp.*, 55 Kan. App. 2d at 31 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S. Ct. 1907, 32 L. Ed. 2d 513 [1972]). A forum-selection clause is unreasonable if: (1) it was induced by fraud or duress; (2) there is no reasonable relationship between the selected forum and the complained of transaction; (3) the contractually selected forum is so unfair and inconvenient that it, for all practical purposes, deprives the plaintiff of a remedy or of its day in court; or (4) enforcement would contravene a strong public policy of the state where the action has otherwise been properly filed. See *Brenner v. Oppenheimer & Co.*, 273 Kan. 525, 540-41, 44 P.3d 364 (2002); *AkesoGenX Corp.*, 55 Kan. App. 2d at 32; *Dix v. ICT Group, Inc.*, 160 Wash. 2d 826, 834, 161 P.3d 1016 (2007).

As the district court ruled, the forum-selection clause here is mandatory and it required that all litigation arising out of the purchase agreement be filed in Bergen County, New Jersey. See *AkesoGenX Corp.*, 55 Kan. App. 2d at 32 (noting that "[i]f there is language stating that a certain forum is the exclusive forum, then the clause is a mandatory forum selection clause"). As a result, KC Grill must show that enforcement of the mandatory clause is unreasonable under the circumstances of this case. See *AkesoGenX Corp.*, 55 Kan. App. 2d at 31-32.

The KCPA contains a venue statute, K.S.A. 50-638(b), and a nonwaiver or agreement to forego rights or benefits statute, K.S.A. 50-625. These statutes individually and jointly provide a consumer with certain prerogatives in prosecuting a consumer protection action in Kansas.

On appeal, KC Grill contends K.S.A. 50-638(b) prevents the enforcement of the forum-selection clause. The venue statute provides:

"*Venue*. Every action pursuant to this act shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the nonresident defendant can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act." K.S.A. 50-638(b).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Nauheim*, 309 Kan. at 149. A plain reading of this statute makes clear that the Legislature has afforded plaintiffs in KCPA actions with the rights and benefits of filing lawsuits in the district courts of Kansas. Of particular relevance to this case, the Legislature specifically provided KCPA plaintiffs with Kansas forums to sue nonresident defendants, such as BBQ Cleaner.

It is true that as a general rule, parties are free to waive venue because it is a procedural matter that relates to a litigant's convenience, rather than a jurisdictional issue. *AkesoGenX Corp.*, 55 Kan. App. 2d at 37. The KCPA's nonwaiver statute, K.S.A. 50-625(a), however, provides that, other than based on a settlement, "a consumer may not

7

waive or agree to forego rights or benefits" under the KCPA. As our Supreme Court has explained, to the extent that a contractual provision waives a consumer's right or benefit provided by the KCPA, K.S.A. 50-625(a) prevents the operation of that contractual provision. *Stechschulte v. Jennings*, 297 Kan. 2, 28, 298 P.3d 1083 (2013).

The question presented in this appeal is whether the venue provision of K.S.A. 50-638(b), when considered together with the nonwaiver provision of K.S.A. 50-625, renders the forum-selection clause in the contract unenforceable. This is a question of first impression for Kansas appellate courts.

By adopting the KCPA, the Legislature clearly intended to increase and advance the interests of consumers. *Ray v. Ponca/Universal Holdings, Inc.*, 22 Kan. App. 2d 47, 50, 913 P.2d 209 (1995). Towards this end, the Legislature has stated that the KCPA "shall be construed liberally" to promote the policy of protecting consumers from suppliers who commit deceptive and unconscionable practices. K.S.A. 50-623(b).

One means by which the Legislature advanced the interests of Kansas consumers was by providing them a Kansas forum to litigate KCPA claims against nonresident suppliers. K.S.A. 50-638(b). Indeed, Kansas consumers have a right to rely upon this statutory venue provision. See *Wheatland Contracting v. Jaco General Contractor, Inc.*, 57 Kan. App. 2d 236, 240, 450 P.3d 374, 377 (2019).

Another means to effectuate the purposes of the KCPA is found in K.S.A. 50-625(a). This statute provides that "[e]xcept as otherwise provided in this act, a consumer may not waive or agree to forego rights or benefits under this act." K.S.A. 50-625(a). This provision applies unless a settlement is reached that is not unconscionable. K.S.A. 50-625(c). Since no settlement is at issue in this appeal, the nonwaiver provision applies to this contract. Once again, a common sense, plain reading of the statute yields the obvious conclusion that whether the venue statute is characterized as a right or benefit,

8

the Legislature intended that it may not be waived or foregone by agreement. K.S.A. 50-625(a). In summary, because the forum-selection clause purports to waive or forego KC Grill's right or benefit to litigate its KCPA claim in Kansas, enforcement of the clause violates K.S.A. 50-625(a).

In analyzing this issue, we derive helpful guidance from an analogous case our court decided in *Wheatland*, 57 Kan. App. 2d 236, 450 P.3d 374. In *Wheatland*, our court held that the parties' forum-selection clause was unenforceable under the Kansas Fairness in Private Construction Contract Act (KFPCCA) because the venue provision of the Act could not be waived by contract. 57 Kan. App. 2d at 240, 450 P.3d at 377.

In reaching this determination, the *Wheatland* court relied on two statutory provisions in the KFPCCA—a venue statute and a nonwaiver statute. The venue statute provided that the venue of a KFPCCA action "'shall be in the county where the real property is located'" and the nonwaiver statute provided that the "'rights and duties prescribed by this act shall not be waivable or varied under the terms of a contract.'" 57 Kan. App. 2d at 239-40, 450 P.3d at 377 (quoting K.S.A. 16-1806 and K.S.A. 16-1801). Our court held that venue was a right granted under the KFPCCA and, therefore, the parties could not waive that right through a forum-selection clause. 57 Kan. App. 2d at 240, 450 P.3d at 377.

Similarly, the Colorado Court of Appeals in *Morris v. Towers Financial Corp.*, 916 P.2d 678, 679 (Colo. App. 1996), refused to enforce the parties' forum-selection clause, finding that enforcement of the clause would contravene a strong public policy embodied in the Colorado Wage Claim Act (CWCA).

The *Morris* court examined two statutes in the CWCA. One statute provided that any employee aggrieved under that act may file a civil action in "'any court having jurisdiction over the parties,'" and the other provided that "'[a]ny agreement, written or

9

oral, by any employee purporting to waive or modify [such employee's] rights in violation of this article shall be void.'" 916 P.2d at 679. The Colorado Court of Appeals determined that the CWCA voided the forum-selection clause because the clause modified the employee's right to file an action in any court having jurisdiction of the parties. 916 P.2d at 679.

As stated earlier, a forum-selection clause is unreasonable if enforcement would contravene a strong public policy of the state where the action is filed. See *Brenner,* 273 Kan. at 540-41. For example, in *Brenner*, our Supreme Court considered whether a choice-of-law provision in an investor's agreement with a clearing broker was enforceable in an action under the Kansas Securities Act. The Supreme Court held that because Kansas public policy strongly favored regulating securities transactions to protect Kansas investors, the choice-of-law provision was invalid on public policy grounds. 273 Kan. at 548-49.

Similar to the Kansas Securities Act examined in *Brenner*, the KCPA advances strong public policies by protecting "consumers from suppliers who commit deceptive and unconscionable practices." K.S.A. 50-623(b). In particular, the KCPA affords Kansas consumers, who may be entitled to minimal damages, the right to a Kansas venue against nonresident defendants. This is important. The right of a plaintiff to prosecute a consumer claim in Kansas against a nonresident defendant provides the Kansas consumer the right to a convenient forum to recover damages which could be the determining factor in whether there is an economically feasible recourse against a supplier. Allowing a forum-selection clause in a contract to eliminate this right contravenes Kansas public policy. See *Dix*, 160 Wash. 2d at 837 (noting that a forum-selection clause which seriously impairs a plaintiff's ability to enforce consumer protection laws violates state public policy).

For all of the reasons discussed, we hold that enforcing an unlawful waiver or forbearance of a Kansas consumer's right or benefit to a Kansas venue would violate

10

Kansas public policy. Accordingly, we find the district court erred when it ruled that the forum-selection clause in the purchase agreement was enforceable.

There is an additional reason for our holding in this particular case. In addition to the forum-selection clause, the purchasing agreement included a choice-of-law provision that required application of New Jersey law with regard to the contract. That clause provided: "This Agreement shall be construed and enforced in accordance with the laws of the State of New Jersey."

When analyzing the Kansas Securities Act, the *Brenner* court noted that other state courts interpreting their securities laws have found that public policy and nonwaiver provisions of the law rendered certain contractual provisions unenforceable. 273 Kan. at 543. The court favorably cited the California case *Hall v. Superior Court*, 150 Cal. App. 3d 411, 197 Cal. Rptr. 757 (1983), and quoted the following language from *Hall*:

> "'California's policy to protect securities investors, without more, would probably justify denial of enforcement of the choice of forum provision, although a failure to do so might not constitute an abuse of discretion; but section 25701, which renders void any provision purporting to waive or evade the Corporate Securities Law, removes that discretion and compels denial of enforcement.
>
> . . . .
>
> "'Similarly, we believe the right of a buyer of securities in California to have California law and its concomitant nuances apply to any future dispute arising out of the transaction is a "provision" within the meaning of section 25701 which cannot be waived or evaded by stipulation of the parties to a securities transaction. Consequently, we hold the choice of Nevada law provision in this agreement violates section 25701 and the public policy of this state and for that reason deny enforcement of the forum selection clause as unreasonable.' [Citations omitted.]" 273 Kan. at 546.

California courts have applied the reasoning in *Hall* to its consumer protection laws and determined that forum-selection clauses accompanied by choice-of-law

11

provisions are unenforceable for claims brought under the California Consumers Legal Remedies Act (CLRA). See *America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1, 108 Cal. Rptr. 2d 699 (2001).

In *America Online*, the court noted that *Hall* denied enforcement of a forum-selection clause because enforcement would inevitably eliminate the protections of California's Corporate Securities Law—a result prohibited by a nonwaiver provision of the law. The court found that the CLRA paralleled the protections of securities law because it protected California consumers and furthered a strong public policy of the state. 90 Cal. App. 4th at 14-15. The court then held:

> "Certainly, the CLRA provides remedial protections *at least* as important as those under the Corporate Securities Law of 1968. Therefore, by parity of reasoning, enforcement of AOL's forum selection clause, which is also accompanied by a choice of law provision favoring Virginia, would necessitate a waiver of the statutory remedies of the CLRA, in violation of that law's antiwaiver provision and California public policy. For this reason alone, we affirm the trial court's ruling. [Citation omitted.]" 90 Cal. App. 4th at 15.

Returning to the case on appeal, we have no reason to doubt that the New Jersey courts would appropriately construe and apply the KCPA, but one of the protections afforded Kansas consumers is the right to avoid the inevitable and often considerable expense of litigating in a distant forum. That protection would be lost if the forum selection provision of the contract were enforced. Moreover, the New Jersey court would have to decline to enforce the choice-of-law provision. While that's certainly conceivable, it is not inevitable. See *Stone Street Services, Inc. v. Daniels*, No. CIV.A. 00-1904, 2000 WL 1909373, at *4-5 (E.D. Pa. 2000) (unpublished opinion) (applying the KCPA in lieu of a choice-of-law provision which favored Pennsylvania law).

The potential likelihood that an agreed-to forum would apply an accompanying choice-of-law provision favoring its law and disfavoring the protections in the KCPA bolsters our conclusion that the forum-selection clause is unenforceable in this case. Cf. *Axis Oilfield v. Mining, Rock, Excavation & Const.*, 166 F. Supp. 3d 684, 694 (E.D. La. 2016) (while a state's interest in protecting its consumers is important, a court may find such interest to be outweighed by the other state's interest in procommerce policies).

Finally, for the sake of completeness, we acknowledge that our decision runs counter to two unpublished cases from the United States District Court for the District of Kansas which upheld forum-selection clauses and required the plaintiffs to bring their KCPA claims in out-of-state forums.

Although Kansas state courts are not bound by a federal court's interpretation of Kansas law, *Community First Nat'l Bank v. Nichols*, 56 Kan. App. 2d 1057, 1066, 443 P.3d 322 (2019), or bound to follow the precedent of the Tenth Circuit Court of Appeals, "the authority may be considered persuasive." *State v. Thompson*, 284 Kan. 763, 801, 166 P.3d 1015 (2007).

In *Billings, M.D. v. Clinitec Intern., Inc*., No. 00-1236-JTM, 2000 WL 1072167, at *3 (D. Kan. 2000) (unpublished opinion), the court dismissed Billings' KCPA claim, holding that the parties' mandatory forum-selection clause required the action to be brought in Pennsylvania. In enforcing the clause, the court noted the KCPA's nonwaiver provision but asserted that Billings did not waive any rights or benefits under the KCPA when he signed the contract that included the forum-selection clause. 2000 WL 1072167, at *3. The court also explained there was no reason why Billings could not bring his KCPA claim in Pennsylvania. 2000 WL 1072167, at *3.

While similar to the case on appeal, *Billings* presents one key difference from this case. In *Billings*, the forum-selection clause did not address what state law governed the

13

litigation, and the court found no reason why Billings could not bring his KCPA claim in Pennsylvania. In contrast, here the forum-selection clause is accompanied by a choice-of-law provision requiring application of New Jersey law. As a result, unlike *Billings*, there is a potential likelihood that KC Grill may not be able to prosecute its KCPA claim in New Jersey.

In *Streit v. Snap-On Equipment, Inc.*, No. 10-4086-KHV-DJW, 2010 WL 5058540 (D. Kan. 2010) (unpublished opinion), the plaintiff claimed his KCPA claims were not governed by the parties' forum-selection clause because they were statutory-based claims and not contract-based claims. The court held that the forum-selection clause applied to Streit's KCPA claims because the clause governed any action related to the parties' contractual agreement. Relying on *Billings*, the court explained that enforcing the forum-selection clause "does not necessarily foreclose plaintiff's KCPA claims; it simply means that plaintiff will have to litigate the choice of law question in the proper forum—a Wisconsin court." 2010 WL 5058540, at *4.

*Streit* is distinguishable because KC Grill raises an entirely different argument than the plaintiff made in *Streit*. Unlike *Streit*, where the plaintiff argued that the forum-selection clause did not apply to statutory claims, KC Grill argues that enforcement of the forum-selection clause would unlawfully waive its statutory right to a Kansas venue.

Importantly, the federal courts in *Billings* and *Streit* did not analyze K.S.A. 50-638(b) or consider whether a Kansas venue was a right or benefit provided by the KCPA which could not be waived. Having considered this issue, we find that a Kansas consumer's right to pursue a KCPA action in a Kansas venue is a right that may not be waived. And allowing the parties' forum-selection clause to eliminate this right in violation of K.S.A. 50-625(a) would contravene Kansas public policy. Accordingly, the forum-selection clause is unenforceable and the district court erred when it enforced the clause and dismissed KC Grill's petition.

Reversed and remanded with directions to reinstate KC Grill's petition and for further proceedings.